### Cline v. Commonwealth.

(Decided October 3, 1922.)

#### Appeal from Pike Circuit Court.

1. Intoxicating Liquors—Searches and Seizures—Evidence.—As on the trial of the appellant for unlawfully having in possession spirituous liquor for sale, the only evidence against him was that

the liquor was discovered by a search and seizure of saddle pockets upon which he was riding; that the officer making the search and seizure, though claiming at the time to have a search warrant, did not exhibit it to the appellant, or read or state its contents to him, and the contents of such warrant were not proved by its production on his trial, or otherwise shown by proof thereof and also of the loss of the warrant, all of such evidence was incompetent and should have been excluded by the trial court upon the objection made to it by the appellant.

2.  Searches and Seizures—Search Warrant—Evidence.—As under the rule announced in Youman v. Comlth, 189 Ky. 152, neither the premises, baggage or personal effects of a citizen, can lawfully be searched, or what is thereby discovered or seized, used as evidence against him, without a valid search warrant authorizing it, to justify such search by an officer of the Commonwealth and the use as evidence against the defendant of whiskey or other thing thereby discovered or seized, it must be established by the evidence of the Commonwealth that the search was made and the property thereby discovered obtained under authority conferred by a valid search warrant. And where, as in this case, such evidence was wholly lacking, the refusal of the trial court to direct a verdict of acquittal was reversible error.

ROSCOE VANOVER and W. B. TAYLOR for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This in an appeal from a judgment of the Pike circuit court, entered upon the verdict of a jury finding the appellant guilty under an indictment charging him with unlawfully having in his possession spirituous liquor for sale, and fixing his punishment at a fine of $300.00 and imprisonment of thirty days in jail.

The appellant complains of the refusal of the trial court to grant him a new trial, and now asks the reversal of the judgment of conviction, because of error of the trial court: (1) In admitting incompetent evidence; (2) in refusing an instruction directing a verdict of not guilty.

It was developed by the evidence on the trial that the appellant was arrested by officers of the law on John's creek in Pike county with three quarts of "moonshine" whiskey in his possession concealed in saddlebags or saddle pockets, upon which he was at the time riding. The whiskey was discovered by a search of the saddlebags

made by the officers and was wholly concealed until searched for and discovered. The officers seizing the whiskey testified that they had at the time a search warrant, just obtained on the ground, of which they informed the appellant, but failed to testify that the warrant was read to or by him, or its contents explained to him. He, in testifying, denied that he saw or was informed of the existence of the search warrant and stated that, upon asking the arresting officer if he had a search warrant, the latter told him he did not, and did not have to be in possession of such warrant.

The appellant specifically objected to all evidence regarding the search warrant, which was not produced on the trial. The officer claiming to have had and executed it testified that he returned it to the magistrate by whom it was issued and had not since seen it. There was no evidence of its loss or of a search for it and no proof of its contents was offered. Proof of its contents could not legally have been made, however, without first proving its loss.

It was not, therefore, shown by the evidence that the warrant authorized a search of the appellant's person or saddle pockets; that it contained any description of the saddle pockets or that it was issued upon legal grounds or information. It is patent, therefore, that all evidence as to the search warrant and its possession by the officer, as well as the discovery and seizure of the whiskey in appellant's possession claimed to have been made thereunder was incompetent and should have been excluded.

As it appears from the evidence that the discovery and seizure of the whiskey in appellant's possession was attempted to be justified by the officers' possession of a search warrant the validity of which, though objected to and attacked, was not established by the introduction of the warrant itself or proof of its loss and contents, this case, upon its facts, comes clearly within the rule announced in Youman v. Commth., 189 Ky. 152, and other authorities therein cited. In that case it was held that neither the premises, person, baggage or personal belongings of a citizen can lawfully be searched or seized without a valid search warrant authorizing it; and that evidence obtained by an officer, such as whiskey or other thing seized, in making an unlawful arrest is imcompet-

ent and that objection to its introduction may be made when it is offered on the trial.

As the only evidence establishing the appellant's guilt was obtained by means of the alleged existence of a search warrant which was not produced as evidence on the trial and the validity of which was properly objected to and not established by the Commonwealth, it follows that, on the ground of failure of evidence, he was entitled to a peremptory instruction directing his acquittal. So, because of the errors of the trial court indicated, the judgment is reversed and cause remanded for a new trial not inconsistent with this opinion.