## Thompson v. Commonwealth.

(Decided January 30, 1925.)

### Appeal from Bell Circuit Court.

Criminal Law—Evidence as to Contents of Search Warrant and of Search and Seizure Inadmissible where Search Warrant Not Introduced or its Loss Shown.—Where search warrant, pursuant to which search of defendant's premises was made, was not introduced in evidence nor its loss shown, any evidence to prove its contents or the authority it was claimed to have conferred

was incompetent, and admission of evidence as to search of defendant's premises, pursuant to such alleged warrant, and as to discovery and seizure of liquor on such premises, was reversible error.

W. J. STONE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Reversing.

This is an appeal from a judgment of the Bell circuit court convicting the appellant of the offense, charged by indictment, of unlawfully having in his possession intoxicating liquor, of which he was found gulty by verdict of a jury which fixed his punishment at a fine of $300.00 and confinement of sixty days in jail. He contends that the judgment should be reversed because of error committed by the trial court: (1) In permitting the introduction of incompetent evidence in behalf of the Commonwealth; (2) in refusing to sustain his motion for a peremptory instruction directing his acquittal by the jury.

The entire evidence introduced for the Commonwealth was furnished by the testimony of D. C. Sellers and Bill Lipps, which, briefly stated, was to the effect that they, summoned by one J. H. Miracle, went with him as a *posse comatatus* to the home of the appellant where, upon searching the house, they discovered six or seven pop bottles filled with whiskey, which they seized and Miracle carried away; that Miracle then had and exhibited a paper which he claimed was a search warrant, but it was not read by them or by Miracle to them nor did they see or hear this paper read to or by the appellant or any member of his family, but did hear Miracle say in the presence of the appellant, while holding the paper in his hand, that it was a search warrant. The witnesses also testified that Miracle died shortly after the discovery of the whiskey at the appellant's home; that the paper in question was never seen by them after they left the appellant's residence and that they were unable to state what disposition Miracle made of it. They likewise testified that they never saw an affidavit authorizing the issuance of the paper claimed by Miracle to be a search warrant; could not state by whom such affidavit, if any, was made; the name of the officer, if any,

with whom it was filed, or that of the officer by whom the
alleged search warrant was issued.

Neither the alleged warrant nor affidavit was intro-
duced in evidence on the appellant's trial, the custody,
loss or absence of either accounted for, nor attempt made
to prove their contents.  The appellant, by counsel, ob-
jected to the foregoing evidence and each item thereof
as offered, but the objections were all overruled by the
trial court, to each of which rulings he duly excepted.  At
the conclusion of the Commonwealth's evidence, which
was all the evidence introduced, the appellant entered a
further objection thereto and moved the court to exclude
it as a whole, but the objection and motion were over-
ruled, and to these rulings he also excepted.  He there-
upon moved the court for an instruction peremptorily di-
recting the jury to return a verdict finding him not guilty
of the offense charged, which motion was likewise over-
ruled and instruction refused, and the ruling followed by
the appellant's entering of an exception thereto, and the
subsequent submission of the case to the jury under the
instructions from the trial court appearing in the record.

While the precise character of the office held by J.
H. Miracle, the person in possession of the alleged search
warrant under which the house of the appellant was
searched and the whiskey therein discovered seized, is
not shown by the evidence, it is fairly inferable there-
from and conceded in the brief of the appellant's counsel,
that he was a peace officer, possessing at that time the
necessary legal qualifications and authority to receive and
execute such a writ, and more fully shown by the evidence
that the witnesses Sellers and Lipps were acting as a
posse in assisting Miracle in the search made by him of
the appellant's residence.  But neither proof of these
facts nor Miracle's possession of the paper under which
the search of the appellant's residence was effected, could
obviate the necessity of the introduction by the Common-
wealth as evidence on the appellant's trial of the alleged
search warrant.  For only by its introduction and a show-
ing of its legal sufficiency for that purpose or by parol
proof of its loss and contents and the sufficiency of the
latter to that end, could the legality of the search of the
appellant's home and seizure of the liquor found therein
be established.

As in this case the search warrant was not introduced
in evidence by the Commonwealth, and there was no evi-
dence of its loss, such evidence as was introduced by it

to prove its contents, or the authority it was claimed it conferred, was incompetent and should have been excluded by the trial court. Hence its overruling of the appellant's motion to exclude all the evidence with respect to the searching of the appellant's house and premises and the discoverey and seizure of whiskey resulting therefrom and also in overruling his motion for a directed verdict, must be and is declared reversible error.

This ruling is required by the great number of cases decided in recent years by this court, a complete list of which would nearly equal the length of the present opinion.

These cases all substantially hold that, as neither the home nor premises of a person can lawfully be searched, or what is thereby discovered or seized used as evidence against him, without a valid search warrant authorizing the same, to justify such search and seizure by an officer of the Commonwealth and the use as evidence against a defendant of whiskey or other thing thereby discovered and seized, it must be established by the evidence that the search was made and the whiskey or other property thereby discovered obtained, under authority conferred by a valid search warrant, which can best be established by the introduction in evidence of the warrant. And that official documents or writs do not appear of record or on file, or were once of record or on file and lost, must be proved by the sworn testimony of the person who is the legal custodian of the document, writ or other record, such custodian, if accessible, being the only competent witness in such case. But if not accessible, the loss of such document, writ or record may be established by the testimony of any other competent person. Youman v. Commonwealth, 189 Ky. 152; Craft v. Commonwealth, 196 Ky. 277; Cline v. Commonwealth, 195 Ky. 806; Ferrell v. Commonwealth, 196 Ky. 288; Luke v. Commonwealth, 199 Ky. 778.

For the reasons indicated the judgment is reversed and cause remanded for a new trial and such further proceedings as may not be inconsistent with the opinion.