## CHAPPELLE v. STATE OF INDIANA.

[No. 24,675.   Filed October 29, 1925.]

1. CRIMINAL LAW.—*Action of court in overruling motion to suppress evidence must be specified as cause for new trial and cannot be assigned as error on appeal.*—The action of the court in overruling a motion to suppress evidence must be specified as a reason for a new trial under the first subdivision of §2325 Burns 1926, §2158 Burns 1914, Acts 1905 p. 584, and cannot be assigned as error on appeal. p. 641.

2. CRIMINAL LAW.—*Overruling motion to suppress evidence will not be reviewed on appeal in absence of evidence heard on motion.*—The action of the court in overruling a motion to suppress certain evidence will not be reviewed on appeal where the evidence heard on such motion was not brought into the record by bill of exceptions. p. 642.

3. CRIMINAL LAW.—*Error in overruling motion to suppress evidence can only be established on appeal by showing existence of facts which imposed a duty to sustain the motion.*—That the action of the trial court in overruling a motion to suppress certain evidence was erroneous can only be established on appeal by a record affirmatively showing the existence of facts which imposed a duty to *sustain* the motion. p. 642.

4. CRIMINAL LAW.—*Averments in motion to suppress evidence not accepted as establishing truth of averments, especially when evidence was heard on motion.*—Averments in motion to suppress evidence are not accepted as establishing truth of what is therein stated, especially where the record shows that evidence was heard on which the court acted in overruling the motion. p. 642.

From Marion Criminal Court (55,381); *James A. Collins*, Judge.

George Chappelle was convicted of unlawfully manufacturing intoxicating liquor and maintaining a liquor nuisance, and he appeals. *Affirmed.*

*George G. Rinier* and *Floyd J. Mattice*, for appellant.

*U. S. Lesh*, Attorney-General, *Arnet B. Cronk* and *Carl Wilde*, for the State.

EWBANK, J.—Appellant was charged by affidavit with having violated the prohibition law in many different ways, but he was found guilty only as charged in the

first and fifth counts of the affidavit, and not guilty as to the other counts. The first count alleged, substantially in the language of §1, ch. 23, Acts 1923 p. 70 (amending §8356d Burns' Supp. 1921), that on August 27, 1923, at Marion county, State of Indiana, the defendant did a number of acts forbidden by said section of the statute, one of which was that he, "did then and there unlawfully manufacture * * * intoxicating liquor," etc. And the fifth count charged, substantially in the language of §20, ch. 4, Acts 1917 p. 15 (§8356t Burns' Supp. 1921), that at said time and place he "did then and there unlawfully maintain and assist in maintaining a common nuisance, to wit: a room, house, building, boat, structure, club and place where intoxicating liquors were then and there manufactured * * * in violation of the laws of this state * * * and the said defendant did then and there keep intoxicating liquor in, and use the same in maintaining said place, contrary," etc.

Overruling the motion for a new trial is the only error properly assigned. Whatever error (if any) the trial court may have committed in overruling a mo-

1. tion to suppress evidence, and in thereafter admitting such evidence against appellant, should be specified as a cause for a new trial, under the 1st subd. of §2825 Burns 1926, §2158 Burns 1914, Acts 1905 p. 584, as being an irregularity in the proceedings by which the complaining party was prevented from having a fair trial, and not as an independent error. *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674. Witnesses testified that, in a house occupied by appellant, the police officers seized two gallons of grain alcohol, two quarts of gin, ten gallons of beer, a pint bottle of coloring matter, ninety-five empty quart bottles, some new gin bottles, a bottle capper and a ten-.

gallon jar with yeast and sugar in it that was foaming, its contents being (a witness testified) "beer in the making"; that appellant said of such contents: "That is a little beer I am making," and that the officers had a search warrant issued by the city judge. It was also proved without objection and without conflict that his house where these things were found had a bad reputation as a place resorted to for the purpose of drinking intoxicating liquor as a beverage.

Appellant does not challenge the sufficiency of the evidence, if received and acted on, to sustain the finding of guilty, but says that for certain alleged reasons all evidence of what the officers learned by searching his premises should have been suppressed, and that, without this evidence, there is not enough to sustain the verdict. The record shows that, on the morning of the trial and before it commenced, the defendant filed a motion in writing asking that all such evidence be suppressed, and then continues: "The State files general denial. Evidence on motion heard, and the court, being fully advised in the premises, finds against the defendant on his motion," etc. But no attempt has been made to bring to this court, by bill of exceptions or otherwise, any of the evidence so heard, on which the court based its ruling. No objections were made nor exceptions saved to any of the evidence introduced at the trial of the issue joined by defendant's plea of "not guilty." And the only information which the record affords as to the basis of appellant's contention that the evidence was obtained in an unlawful manner is certain statements in the motion which the court overruled. That the action of the trial court in overruling a motion was erroneous can only be established on appeal by presenting a record affirmatively showing the existence of facts which imposed a duty to sustain the motion. Averments in the motion itself cannot be

accepted as establishing the truth of what is therein
stated, especially where it appears, as it does here, that
evidence was heard on which the court acted in over-
ruling the motion. *Peto* v. *State* (1922), 193 Ind. 103,
105, 136 N. E. 556; *Jackson Civil Tp.* v. *Darrow* (1922),
192 Ind. 136, 143, 134 N. E. 779.

The trial court is not shown to have erred in over-
ruling appellant's motion to suppress the evidence.

The judgment is affirmed.