# MATA *v.* STATE OF INDIANA.

[No. 25,888.   Filed February 24, 1932.]

292

*Patterson & Thiel* and *John A. Sabo,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

ROLL, J.—The appellant was found guilty by the Lake Criminal Court of the crime of unlawful possession of intoxicating liquor. He has appealed from a judgment of fine and imprisonment at the Indiana State Farm.

The first assignment of error is that the court erred in overruling the motion of the appellant to suppress and reject certain evidence. Alleged error of the trial court in overruling a motion to suppress and reject evidence must be specified as a cause for a new trial, under §2325 subd. 1, Burns 1926, and not as

an independent error. *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163; *Welch* v. *State* (1926), 197 Ind. 258, 150 N. E. 761.

The third, fourth, fifth and sixth assignments of error relate to rulings on evidence at the trial, and can be presented only by the motion for a new trial and not as independent errors.

The second assignment of error is that the court erred in overruling appellant's motion for a new trial. Twenty alleged causes for same are stated in the motion.

One of the causes for a new trial was that the court erred in sustaining the objection of the State to the introduction in evidence of the verified motion of the appellant to suppress and reject the evidence, upon the hearing on that motion. The court is not required to take allegations of fact in a motion as true unless they have been shown to be true by the evidence. Recitals of fact in a motion require proof the same as an allegation of fact in any other pleading or paper. *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775. Self-serving declarations contained in pleadings are, as a general rule, inadmissible. 2 Jones, Commentaries on Evidence (2d ed.) 1601, §876. The motion and answer thereto fixed the issues and informed the court as to the extent of the issues. The motion could be sustained only by proof of the facts therein alleged. This proof could not be made by the admission in evidence of the motion. The court did not err in said ruling.

The appellant claims that the court erred in overruling his motion to quash the search warrant and affidavit therefor; and to suppress and reject certain evidence because of the invalidity of the search warrant. The State, by the prosecuting attorney, filed a general

denial to this motion. The objection to the search warrant was that it was issued without probable cause. It is shown by the record that, when this motion was submitted to the court for hearing, neither side introduced any evidence. It appears that the affidavit for the search warrant stated that Oscar Salzman, who was a police officer, swore that he believed and had good cause and reason to believe that John Doe, whose true name was unknown, had in his possession certain intoxicating liquors, which were possessed in violation of the laws of the State of Indiana at number 1525 Adams Street in the city of Gary. A copy of the search warrant was made an exhibit to the motion, and the search warrant, signed by the judge of the city court of the city of Gary, contained the following: "And whereas, from oral evidence heard by me after said affidavit was filed, I found that probable cause exists for believing that the things described in said affidavit are being concealed in or about the premises described and are being there kept unlawfully and in relation to the offense named in the affidavit." In the motion, the following is alleged: "This affiant says no oral evidence was in fact heard or attempted to be heard by the said C. N. Greenlee as Judge of the City Court of any facts showing probable cause but that the testimony if any was given by the said Oscar Salzman was given entirely on suspicion, guesswork and rumor; and that the said Oscar Salzman did not know of his own knowledge that this affiant was in possession of any of the things set out and alleged in the affidavit for search filed in this cause." The motion to quash the search warrant herein can be distinguished from the one in *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, as the motion in the instant case shows by the search warrant that oral evidence was heard and the court found that probable cause existed for issuing the search warrant; while in the *Wal-*

*lace Case,* the affidavit on information and belief before the court was the sole and only proof in support of probable cause. Appellant, by his motion to quash and suppress, challenges the sufficiency of the search warrant; not by reason of anything which appeared on the face of the warrant, but by alleging facts, which, if true, would render the search warrant invalid.

The search warrant as shown by the copy as set out in appellant's motion contained the following: "And whereas, from oral evidence heard by me after said affidavit was filed, I found that probable cause exists for believing that the things described in said affidavit are being concealed in or about the premises described and are being there kept unlawfully and in relation to the offense named in the affidavit." Appellant said in his motion that: "This affiant says that no oral evidence was in fact heard or attempted to be heard by the said C. N. Greenlee as judge of the City Court of any facts showing probable cause but that the testimony if any was given by the said Oscar Salzman was given entirely on suspicion, guesswork and rumor; and that the said Oscar Salzman did not know of his own knowledge that this affiant was in possession of any of the things set out and alleged in the affidavit for search filed in this cause."

The State filed an answer in general denial to appellant's motion. By these pleadings, an issue of fact was formed, and appellant, to sustain the allegations contained in his motion, offered to introduce in evidence, Exhibit 1, which was his verified motion to quash. This was refused in evidence. Appellant offered no further evidence in support of his motion, and the State offered none. The court overruled appellant's motion, and this ruling is assigned as error. We do not think the court erred in this, for the reason that appellant raised the issue, and was asking for affirma-

tive relief and the burden was upon him to introduce evidence in support thereof. One having the burden of proof, if he does not introduce any evidence in support thereof, must fail. *Bell* v. *Corbin* (1894), 136 Ind. 269, 36 N. E. 23; *McGinnis* v. *Boyd* (1896), 144 Ind. 393, 42 N. E. 678; *Warner* v. *Warner* (1903), 30 Ind. App. 578, 66 N. E. 760; *North* v. *Jones* (1912), 53 Ind. App. 203, 100 N. E. 84. The search warrant as set out in appellant's motion to suppress shows on its face that the judge of the city court did hear evidence and that he had judicially determined the question of probable cause. In the absence of any evidence to the contrary, an appellate court will indulge the presumption that such judicial act was correct. *Campbell* v. *State* (1897), 148 Ind. 527, 47 N. E. 221; *Harito* v. *State* (1923), 193 Ind. 517, 141 N. E. 57. Unless there is an affirmative showing of error, the presumption is in favor of the ruling of the trial court. Elliott, Appellate Procedure §710. *Woodward* v. *State* (1910), 174 Ind. 743, 93 N. E. 169. There is no such showing of error, and the ruling of the lower court on appellant's motion to suppress was not erroneous.

Appellant in his motion for a new trial says the court erred in admitting in evidence the testimony of the two officers who made the search of appellant's premises as to what they found. Appellant objected to the evidence on the ground that appellee had not introduced in evidence the search warrant or explained its absence. The court overruled appellant's objection and allowed the officers to testify. The record shows that the evidence objected to was obtained by a search of appellant's premises. The evidence does not show that any search warrant was read to appellant or served upon him in any way. The record does not show what articles they were directed to search for, or that the offense in relation thereto was substantially

alleged, or that the place to be searched was particularly described, and set out in the search warrant. Before appellee was entitled to introduce in evidence property secured by search and seizure, or testimony obtained while making a search of premises under the pretext of a search warrant, it must first show that such evidence was obtained by a lawful process. If the property was seized by search and seizure or the evidence obtained while making a search of the premises, under the pretext of a search warrant, which was invalid for any reason, then the property so seized, or the evidence so obtained, could not be used as evidence against the appellant, and its admission over his objection was prejudicial error. *Callendar* v. *State* (1922), 193 Ind. 91, 138 N. E. 817, and cases there cited. Art. 1, §11 of the Constitution of Indiana (§63 Burns 1926) provides as follows: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable search or seizure shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized."

Section 2086 Burns 1926, Acts 1905 p. 584, §57, provides that: "No warrant for search shall be issued until there is filed with the justice an affidavit, particularly describing the house or place to be searched and the things to be searched for, and alleging substantially the offense in relation thereto, and that the affiant believes, and has good cause to believe, that such things as are to be searched for are there concealed." Considering the provisions of the Constitution and the statute above set out, it at once becomes apparent that, before the State can lawfully introduce evidence obtained by virtue of a search warrant, it must introduce in evidence the warrant under which the search and seizure

were had, and show that the evidence was obtained lawfully and is competent, and that it is entitled to introduce the same against the defendant in the case on trial. Suppose all proper steps had been taken to secure a search warrant for appellant's premises to search the same for stolen property, such as a watch or other personal property, and that a valid search warrant for such purpose had been issued, and that, in searching appellant's premises for such property by virtue of such a warrant, the officers had discovered a quantity of intoxicating liquor, and had seized the same. After having discovered such evidence, the prosecuting attorney causes appellant to be charged with the crime of possessing intoxicating liquor, such as is charged in the present case, and, upon the trial thereof, offered to prove by the officers making the search what they found and learned in the search of appellant's premises, without first introducing in evidence the search warrant under which the search was had.

A conviction cannot be sustained where search warrant under which the evidence had been obtained is not introduced in evidence, where it appears from the evidence that the discovery and seizure was attempted to be justified by the officer's possession of a search warrant the validity of which was not established by the introduction of the warrant itself, or by the proof of its contents. *Callender* v. *State, supra; Thompson* v. *State* (1921), 190 Ind. 363, 130 N. E. 412; *People* v. *Knopka* (1922), 220 Mich. 540, 190 N. W. 731; *Cline* v. *Commonwealth* (1922), 195 Ky. 806, 243 S. W. 1019. The court erred in admitting the evidence of the officers, over appellant's objection.

Appellant in his motion for a new trial further contends that the verdict is not sustained by sufficient evidence, and is contrary to law. As the only evidence tending to establish appellant's guilt was the evidence

of the two officers as to what they found while searching appellant's premises, and since we hold that that evidence was wrongfully received, it follows that the verdict is not sustained by sufficient evidence and is, therefore, contrary to law.

Judgment of the lower court reversed, with instructions to sustain appellant's motion for a new trial, and further proceedings not inconsistent with this opinion.