ANDERSON *v.* STATE OF INDIANA.

[No. 29,758. Filed June 23, 1959.]

*Joseph T. Murphy,* of Wabash, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

Bobbitt, J.—Appellant was charged by affidavit with the offense of driving a motor vehicle while under the influence of intoxicating liquor (second offense) under Acts 1939, ch. 48, §52, p. 289, being §47-2001(b), Burns' 1952 Replacement, tried by the court without the intervention of a jury, found guilty and sentenced to the Indiana State Farm for a period of six months and fined in the sum of $100.

Two errors are assigned.

(1) The overruling of the motion for a new trial.

(2) The overruling of defendant-appellant's motion to suppress certain evidence consisting of State's Exhibits "A", "B", and "C".

Error in overruling the motion to suppress evidence must be asserted as a cause for a new trial under the first cause specified in Acts 1905, ch. 169, §282, p. 584, being §9-1903, Burns' 1956 Replacement, and cannot be presented as an independent assignment of error on appeal. *Chappelle* v. *State* (1925), 196 Ind. 640, 641, 149 N. E. 163; *Mata* v. *State* (1932), 203 Ind. 291, 292, 293, 179 N. E. 916; *Eva* v. *State* (1932), 203 Ind. 340, 342, 180 N. E. 183; *Snyder* v. *State* (1933), 204 Ind. 666, 670, 185 N. E. 507.

The overruling of appellant's motion to suppress was not included as a specification or ground for a new trial; hence, no question pertaining thereto is presented for our determination.

The sole question presented by the motion for a new trial and discussed in the argument section of appellant's brief is the alleged lack of sufficient evidence to sustain the finding of the trial court.

An examination of the evidence most favorable to the State discloses that two policemen of the City of North Manchester, Indiana, while patrolling Main Street on the night alleged in the affidavit, saw appel-

lant herein driving an automobile east on such street "Between 1:30 and 1:45" a.m.; that the car was "swerving from one side of the center line" to the other; that these officers, staying about one-half block behind appellant's car, followed it for about four blocks when it turned north on Walnut Street and then right into an alley and parked on a lot adjacent to a filling station; that as the police car drove around to "block off" the car if it attempted to go on through the alleyway, the policeman who was not driving observed the movements of appellant's car by watching the headlights across a vacant lot and saw it "parked headed into the parking lot behind" an oil station; that when the police car pulled up behind the parked car, appellant was "under the wheel of the car;" and when asked if he had been drinking, appellant said that "he had a couple of shots of whisky." The police detected a strong odor of alcohol while talking with appellant, and he was unsteady on his feet as he walked to the police car. When they searched appellant's car, the police found a whisky bottle, a beer can, and one "six-pack" with one can of beer missing.

At the police station appellant submitted to two physical tests, and later at the sheriff's office, to a breathalyzer test. The physical tests indicated an intoxicated condition, and the breathalyzer test showed ".18 of blood alcohol content." Both officers testified that in their opinion appellant was under the influence of intoxicating liquor at the time they arrested him at the parking lot.

Appellant testified that he was driving the automobile in question, that his companion had purchased the whisky in Wabash, and that it took them about three hours to drive the fourteen miles from Wabash to North Manchester.

There was proof of a prior conviction of the same offense.

We think the foregoing evidence, as summarized above, is sufficient to sustain the finding of the trial court, and it is not contrary to law.

Appellant has failed to sustain his burden of showing reversible error; hence, the judgment of the trial court must be affirmed. *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d 232, 237.

Judgment affirmed.

Achor, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 287.