MOORE *v.* STATE OF INDIANA.

[No. 30,550.   Filed March 2, 1967.]

*Robert F. Gammon,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a conviction on a charge of having violated the Indiana Uniform Narcotic Drug Act as amended.

Appellant was charged by affidavit reading in pertinent part as follows:

". . . that Harry Moore on or about the 30th day of September, A.D. 1963, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously possess and have under his control a (sic) certain instruments, to-wit: eye droppers, needles and cookers, which said instruments was (sic) then and there adapted for the use of narcotic drugs by injection in a human being, then and there being contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana."

The charge was based on violation of Acts 1935, ch. 280, § 2, p. 1351, as amended by Acts 1961, ch. 90, § 2, p. 169, § 10-3520(c), Burns' 1966 Cum. Supp. Appellant waived trial by jury, and the matter was tried to the court resulting in a finding of guilty of the crime as charged, the imposition of a fine of $1.00 and costs and a sentence to the Indiana State Prison for not less than one or more than five years, being the punishment provided by Acts 1961, ch. 90, § 5, p. 169, § 10-3538, Burns' 1966 Cum. Supp.

Appellant's pro se motion for a new trial contained two specifications:

"1. That the finding of the Court is not sustained by sufficient evidence.
"2. That the finding of the Court is contrary to law."

Thereafter appellant, by counsel, filed his motion for a new trial on the following grounds:

"1. The judgment of the Court is not sustained by sufficient evidence.
"2. The judgment of the Court is contrary to law."

The errors assigned and relied on for reversal are as follows:

"1. The Court erred in overruling appellant's Motion For A New Trial.
"2. *Special Assignment of Errors*-Appellant avers that the Court erred in overruling appellant's Motion for Extension of Time and for Leave to Amend."

Appellant has based his argument herein on three grounds which we will discuss in a chronological order, ground No. 1— the finding of the court is not sustained by sufficient evidence. Appellant argues that there are four elements of the crime necessary to be proved before the appellant could be found guilty under the act as charged. He alleges they are (1) possession and control, (2) hypodermic, syringe, needle or any instrument, (3) the adaptation for the use of narcotic drugs, and (4) by injection in a human being. The State takes issue with appellant's proposition No. 1 and says:

"The evidence most favorable to the State on this proposition discloses the following direct testimony of Detective Sergeant Richard Jones, and the subsequent unopposed admission of State's Exhibit No. 1, into evidence:

"Q. Officer, I show you, what has been marked for identification as State's Exhibit No. 1, and ask you if you can identify that?

"A. Yes, it is a glass case which Mr. Moore gave us, and inside are two eye droppers and a cooker, a bottle cap with a small piece of cotton still affixed in it, and a container containing *two hypodermic needles,* and also a razor blade inside of it.

"Q. The defendant presented you with these of his volition?

"Yes sir, he did. He stated it was his set and his wife's set.

"Mr. Clark: The State offers into evidence what has been identified as State's Exhibit No. 1.

"Mr. Huse: No objection.

"The Court: Show it in evidence."

Appellee alleges that appellant's contention under this specification is based on his own erroneous statement of the elements of the crime. It is appellee's contention that the erroneous statement flows from an error made by appellant in quoting an appropriate section of Burns' being § 10-3520 (c), *supra,* which properly reads:

"(c) It shall be unlawful for any person to possess or have under his control, with intent to violate any provision

of this act. [§§ 10-3519—3543], any hypodermic syringe or needle or any instrument adapted for the use of narcotic drugs by injection in a human being." (Acts 1961, ch. 90, § 2, p. 169, § 10-3520, Burns' 1966 Cum. Supp.)

We are compelled to agree with the appellee that the possession or control, with the requisite intent, of "any hypodermic syringe or needle" is per se a violation. The words "adapted for use of narcotic drugs by injection in a human being" modify "any instrument" but do not modify "hypodermic syringe or needle." It is unnecessary to show that a hypodermic syringe or needle has been adapted for the use of narcotic drugs by injection.

The appellant does not question the sufficiency of the State's showing as to the other two elements of the crime—namely, (1) control or possession and (2) intent. Nor does he raise or argue any other questions concerning the sufficiency of the evidence to sustain the finding below. Therefore, any other questions have been and are waived. Indiana Supreme Court Rule 2-17(e)(f).

Ground No. 2 relied upon by the appellant presents a more troublesome question. This specification is that the finding of the court was contrary to law. Appellant proceeds on the theory that his arrest was illegal and therefore the evidence obtained subsequent to his arrest was illegally obtained and therefore inadmissible to prove the elements of the crime.

The State admits that at the time the officers went to the appellant's dwelling they had no warrant for his arrest nor did they have a search warrant. The State further admits that they did not, during the time they spent at the appellant's home, obtain either a warrant for his arrest or a search warrant to search his home.

The above facts relative to the lack of warrants were brought out on the preliminary questions directed to officer Jones. At the time the officer admitted that he did not have a search warrant to search appellant's house, but did make a

search. The appellant by his counsel, moved that the evidence be suppressed. Thereupon the State asked the witness, "Officer, did you have reasonable grounds to suspect this man had committed an offense?" At which point counsel for appellant stated that he objected, to which the court made rejoinder as follows: "If I sustain your objection, I will have to overrule your motion to suppress." Whereupon appellant's counsel made the following statement: "I withdraw my objection."

Thereupon the officer answered the question as follows: "Yes, sir. I had information a felony had been committed, and Mr. Moore had committed it." At this time appellant's counsel made the following motion: "I move to suppress any further evidence." After some further colloquy between the court and counsel for appellant and the State, appellant's counsel asked the court as follows: "Is my motion to suppress overruled?" The court answered, "Yes." Thereupon the witness was examined by the deputy prosecutor. On cross-examination of officer Jones by the attorney for the defendant, the following evidence was adduced and here set forth in question and answer form.

"Q. Officer, prior to placing Mr. Moore under arrest on September 30th, I believe you stated you did enter the apartment to talk to him?

"A. Yes, sir.

"Q. Did you do any searching at all?

"A. Not until after he was arrested.

"Q. You didn't search anything at all before you placed him under arrest?

"A. No, sir, I did not.

"Q. What did you do, just walk in and place him under arrest?

"A. Just walked in and talked to him.

"Q. Now, what time of the day did you get this information?

"A. About an hour before going up there, approximately 1:00 p.m."

The information elicited by defendant's counsel on cross-examination, in conjunction with the evidence previously set forth, may have been sufficient to convince the trier of the facts that the officers entered by invitation of the defendant, and that on his voluntary statements the admissions made constituted probable cause for the arrest. We are not entitled to substitute our determination for that of the trial court.

> "Constitutional mandates denounce only unreasonable search and seizure and do not preclude such as are incidental to a lawful arrest. Constitution of Indiana, Art. 1, § 11. . . .
>
> "The arrest and search herein without a warrant was legal if, at the time of the arrest, the arresting officers had reasonable or probable cause for believing that appellants had committed a felony. . . ." *Stearsman, Peak, Carter* v. *State* (1957), 237 Ind. 149, 162, 143 N. E. 2d 81.

Much of the time in oral argument was spent by appellant's counsel in arguing the propriety of the Court's overruling of appellant's motion to suppress evidence. This court has previously laid down, on several occasions, the rule that is applicable in this case.

> "Error in overruling the motion to suppress evidence must be asserted as a cause for a new trial under the first cause specified in Acts 1905, ch. 169, § 282, p. 584, being § 9-1903, Burns' 1956 Replacement, and cannot be presented as an independent assignment of error on appeal. *Chappelle* v. *State* (1925), 196 Ind. 640, 641, 149 N. E. 163; *Mata* v. *State* (1932), 203 Ind. 291, 292, 293, 179 N. E. 916; *Eva* v. *State* (1932), 203 Ind. 340, 342, 180 N. E. 183; *Snyder* v. *State* (1933), 204 Ind. 666, 670, 185 N. E. 507.
>
> "The overruling of appellant's motion to suppress was not included as a specification or ground for a new trial; hence, no question pertaining thereto is presented for our determination." *Anderson* v. *State* (1959), 239 Ind. 597, 598, 159 N. E. 2d 287.

Finally, appellant submits his proposition No. 3, so-called special assignment of errors. We have reviewed the record

and carefully considered the questions attempted to be raised by appellant in this specification, and are of the opinion that such matter is not properly before us for several reasons, one being that these matters have not been submitted to the trial court before being raised here for the first time. Further, such special assignment fails to show in what manner the appellant was harmed by the proceedings complained of. Therefore, we find no merit in that argument.

We recognize the problems inherent in border line cases, where arrests and searches are made without warrant and by this opinion do not extend the practice or doctrine that, under some circumstances, permits such arrest and search. Likewise we do not, by this opinion, mean to deprive a regular police officer of the right to make such arrest and search when invited by the owner or occupant of real property to enter, without force, his home and then voluntarily admits that he is the owner or in possession illegally of contraband articles.

The judgment is affirmed.

Arterburn, C. J., Hunter, Myers and Mote, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 899.