**William H. ROGERS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 479S113.**

Supreme Court of Indiana.

Nov. 5, 1979.

John D. Clouse, Michael C. Keating, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Gregory Alan Clark, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, William H. Rogers, was convicted by a jury of two counts of robbery, a class A felony, Ind.Code § 35-42-5-1 (Burns 1979), and sentenced to two concurrent thirty year determinate sentences. He now appeals raising the following issues:

(1) Whether the penalty for robbery, a class A felony, constitutes cruel and unusual punishment in violation of the United States and Indiana Constitutions;

(2) Whether the sentencing provisions of the new criminal code violate the prohibitions against cruel and unusual punishment and the equal protection and due process clauses of the United States and Indiana Constitutions;

(3) Whether defendant's federal and state constitutional rights to trial by jury were violated because the trial judge has the sole authority to sentence defendant for a crime;

(4) Whether the statute which defines robbery, a class A felony, is unconstitutionally vague;

(5) Whether the trial court erred in not requiring the introduction of a search warrant prior to the introduction of evidence seized pursuant thereto;

(6) Whether the trial court erred in admitting identification testimony which was allegedly tainted by an unnecessarily suggestive out-of-court show-up;

(7) Whether the trial court erred in not striking from the record a question propounded by the prosecutor which reflected on defendant's exercise of his Fifth Amendment right to remain silent;

(8) Whether the trial court erred in allowing the prosecutor to improperly argue matters outside the record in final argument;

(9) Whether the trial court erred in failing to give several instructions tendered by defendant;

(10) Whether the trial court erred in giving two instructions tendered by the state; and

(11) Whether defendant was improperly convicted of two counts of robbery, a class A felony.

The relevant facts most favorable to the party prevailing at the trial court, the state of Indiana, follow.

Defendant and an accomplice, Leonard Berry, entered the Key Market in Evansville, Indiana, at 10:00 a. m. on March 17, 1978. Leonard Berry entered the store first, spoke to a cashier, Terry Sartore, and then went to the store's office where he confronted Hubert Rogers, an employee. Berry pulled a gun on Hubert Rogers and told him to give up all of the store's money and not to move or Berry would use the weapon. Defendant entered the store and confronted Arthur Ohl, a cigarette company salesman doing business with the store. Defendant grabbed Ohl's wallet which was attached to Ohl via a chain. Ohl grabbed the wallet back. Defendant knocked Ohl down and kicked him. Ohl suffered bruises on his head and ribs. Meanwhile Berry took a grocery sack, into which Hubert Rogers had put Key Market money, and pitched it to Terry Sartore who also put the store's money in it. Berry also took a gun from the store office. Defendant and Berry then left the grocery.

Shortly thereafter Keith Byrd, an Evansville policeman, received a message that the Key Market had just been robbed by two black males, one of whom was wearing

green fatigues. After receiving the message, Officer Byrd observed a car, traveling at a high rate of speed, run a stop sign. He saw a black male in the car wearing green fatigues. The officer followed the car until it stopped, then radioed for assistance. Three people, including defendant, exited the car. Officer Byrd and two other officers approached the car. Officer Byrd saw a grocery sack with money in it in plain view. The occupants of the car were arrested.

Defendant and Berry were taken back to the scene of the crime and witnesses Arthur Ohl and Hubert Rogers identified defendant as a participant in the crime. The getaway car was towed to police headquarters, a warrant was obtained and a search conducted, certain items being seized.

Defendant was charged with two counts of robbery resulting in bodily injury: one for the robbery of Hubert Rogers and one for the robbery of Terry Sartore.

## I.

Defendant claims that the penalty for robbery, a class A felony, is cruel and unusual and, therefore, is in violation of the Eighth Amendment to the United States Constitution and Art. 1, § 16 of the Indiana Constitution. Defendant argues that the only difference between a class C felony, carrying a five year sentence, and a class A felony, carrying a thirty year sentence, can be a "painlessly broken fingernail."

Here we do not have a mere broken fingernail but bruised ribs and a bruised and swollen face, which injuries were suffered as a result of defendant kicking the victim. Defendant doesn't mention the added humiliation of absorbing a beating while being robbed or the increased depravity of a criminal exhibited by such conduct. These are factors which the legislature likely had in mind when setting the sentence for this crime.

This Court will not set aside a conviction merely because the sentence seems severe. In *Hollars v. State*, (1972) 259 Ind. 229, 286 N.E.2d 166, we held:

"These are primarily legislative considerations, and we are not at liberty to set aside a conviction and sentence because, on the record, they seem severe. *Blue v. State* (1946), 224 Ind. 394, 67 N.E.2d 377; *Mellot v. State* (1942), 219 Ind. 646, 40 N.E.2d 655. It is only when a criminal penalty is not graduated and proportioned to the nature of an offense, or where it is grossly and unquestionably excessive that this provision of the Constitution is intended to apply. *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793." 259 Ind. at 236, 286 N.E.2d at 170.

See also *Rowe v. State*, (1974) 262 Ind. 250, 314 N.E.2d 745. This Court has previously held that a life sentence for inflicting physical injury while attempting to commit a robbery, Ind.Code § 35–13–4–6 (Burns 1975), did not violate either the United States or the Indiana Constitution. *Thomas v. State*, (1976) 264 Ind. 581, 348 N.E.2d 4. The penalties under our current criminal code comport with constitutional requirements.

## II.

Defendant argues that the sentencing provisions of the new criminal code violate due process, equal protection and cruel and unusual punishment provisions of the state and federal constitutions. In support of this argument, defendant points out the wide range of penalties which may be imposed for the various classes of felonies. West's Ann.Ind.Code § 35–50–2–3 (murder), § 35–50–2–4 (class A), § 35–50–2–5 (class B), § 35–50–2–6 (class C), § 35–50–2–7 (class D), (1978). Defendant asserts that these provisions invite discrimination and cruel and unusual punishment. This Court recently rejected this very argument in *Williams v. State*, (1979) Ind., 395 N.E.2d 239.

## III.

Defendant next alleges that statutes which permit the judge, and not the jury, to fix the sentence of a defendant, West's Ann.Ind.Code § 35–50–1–1 and § 35–4.1–4–3 (1978), violate defendant's right to a

trial by jury provided in the Sixth Amendment to the United States Constitution and Art. 1, § 13 of the Indiana Constitution. This Court has long held that a defendant's right to a trial by jury is not offended by a statutory scheme which does not require the jury to fix the punishment of the defendant. *Skelton v. State*, (1898) 149 Ind. 641, 49 N.E. 901; *Miller v. State*, (1898) 149 Ind. 607, 49 N.E. 894; *Williams v. State, supra.* See also *Berra v. United States*, (1956) 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013.

## IV.

■ Defendant also challenges the statute which defines robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979), as unconstitutionally vague. He argues that the definition of "bodily injury" is constitutionally inadequate. West's Ann.Ind.Code § 35–41–1–2 (1978) provides in relevant part, " 'Bodily injury' means any impairment of physical condition, including physical pain."

"[A] law forbidding or requiring conduct in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law." *Baggett v. Bullitt*, (1964) 377 U.S. 360, 367, 84 S.Ct. 1316, 1320, 12 L.Ed.2d 377, 382; *Grody v. State*, (1972) 257 Ind. 651, 653, 278 N.E.2d 280, 281.

We can think of no phenomenon of more common experience and understanding than the concepts of "bodily injury" and "physical pain." Likewise, we do not find the concept of "impairment of physical condition" to be so esoteric as to avoid a consensus of meaning among persons of common intelligence.

## V.

■ Defendant's next allegation of error is that the trial court erred in not requiring that the state produce the search warrant issued for the search of the car utilized in the crime prior to the introduction of evidence seized pursuant thereto. Defendant relies on the holding in *Mata v. State*, (1932) 203 Ind. 291, 179 N.E. 916, where this Court reversed a conviction for unlawful possession of intoxicating liquor, holding:

"A conviction cannot be sustained where search warrant under which the evidence had been obtained is not introduced in evidence, where it appears from the evidence that the discovery and seizure was attempted to be justified by the officer's possession of a search warrant, the validity of which was not established by the introduction of the warrant itself, or by the proof of its contents." 203 Ind. at 299, 179 N.E. at 918.

The soundness of the *Mata* rule has been questioned. *Clark v. State*, (1978) Ind.App., 379 N.E.2d 987. Nevertheless, the facts of the *Mata* case differ significantly from the facts in the case at bar. In *Mata* the search involved was of defendant's home. Here, however, we have the search of an automobile in lawful police custody. In the instant case, no search warrant was necessary. Given the public nature of automobile travel and the inherent mobility of automobiles, rigorous enforcement of the warrant requirement is not necessary. *South Dakota v. Opperman*, (1976) 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000; *Williams v. State, supra.* It was not necessary to produce a search warrant prior to the admission of evidence seized from the vehicle in this case.

## VI.

■ Defendant contends that identifications of him at trial were tainted by an unnecessarily suggestive out-of-court showup. Police immediately took defendant back to the scene of the crime where Arthur Ohl and Hubert Rogers identified defendant as a participant in the crime. Ohl and Rogers testified at trial and identified defendant.

Both the United States Supreme Court and this Court have held that identification procedures which are so suggestive as to give rise to a substantial likelihood of misidentification violate a defendant's due process rights. *Simmons v. United States*, (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d

1247; *Sawyer v. State*, (1973) 260 Ind. 597, 298 N.E.2d 440. However, the value of having the witnesses observe a suspect while the image of the offender is fresh in their minds has been held to render immediate show-up identifications not unnecessarily suggestive. *Williams v. State, supra; Poindexter v. State*, (1978) Ind., 374 N.E.2d 509; *Dillard v. State*, (1971) 257 Ind. 282, 274 N.E.2d 387; *McPhearson v. State*, (1969) 253 Ind. 254, 253 N.E.2d 226; *Lewis v. State*, (1969) 252 Ind. 454, 250 N.E.2d 358. In-court identifications of defendant were properly admitted in the case at bar.

### VII. and VIII.

█ Defendant complains that the trial court erred in allowing the prosecuting attorney to ask a question of defendant through which he allegedly sought to use defendant's silence at the time of his arrest to impeach an explanation subsequently offered at trial. The following exchange occurred between defendant and the prosecutor:

Q. "Did you ever tell the police all this?"

A. "Did I ever tell the officers this?"

Q. "Yeah."

A. "No, I did not. I remained silent."

Defendant also alleges that the trial court erred in allowing the prosecutor to make remarks during closing argument which constituted an improper assertion of personal knowledge and opinion of facts not a part of the record. The prosecutor said:

"Why would this man come into this store and rob it with a starter pistol? Very simple. He and Berry made the plans to rob the store, Berry had to go to the manager and into the manager's office. The Parrett Street Market and most markets, at least in the inner city area, the man's probably going to have a gun. What was the defendant's job? His job was to rob the cashiers. When they got in, something happened, a Schroeder's man was there with lots of money. So Berry went into the manager's office with the real gun, the only one obviously that they had, and the defendant stayed out there by the cashiers with a starter pistol. He probably could have robbed those girls at the counter with a water pistol because they don't know anything about guns; but then he confronts the Schroeder's man, and Berry has to not only rob the man in the office with the real gun, he has to get the money at the counter because now he's involved in a scuffle—the defendant is involved in a scuffle with Mr. Ohl. So, that's why he had the starter pistol, because he would be the one to stand out there and rob those little girls working at the counter."

Defendant made no objection at trial in either instance. Error can only be assigned on questions which have been presented and determined by the trial court. *Misenheimer v. State*, (1978) Ind., 374 N.E.2d 523.

█ Defendant asserts that both of the alleged errors constitute plain and fundamental error requiring *sua sponte* action by the trial court. We do not agree. This Court has held that it is fundamental error for a trial court to fail to admonish a jury after sustaining an objection to the prosecutor's comments regarding defendant's silence at trial even absent a request for such admonishment. *Dooley v. State*, (1979) Ind., 393 N.E.2d 154. However, in *Dooley*, the prosecutor's conduct was much more blatant and contrived than the alleged misconduct in this case. Furthermore, this Court has held that failure of the trial court to strike a question or comment regarding defendant's silence without any objection at all is not fundamental error. *Henderson v. State*, (1979) Ind., 395 N.E.2d 224. In *Henderson* we held:

"Fundamental error is error that is so prejudicial to a defendant's rights that he could not have had a fair trial. If it appears that adhering to the normal rules of appellate procedure would result in the waiver of an error which is so harmful that it operates to deny the appellant fundamental due process, this Court may by-pass those rules. *Blow v. State*, (1978) [267 Ind. 632,] 372 N.E.2d 1166. *Cf. Teague v. State*, (1978) Ind., 379 N.E.2d 418. Here, appellant is claiming that the trial judge should have, *sua sponte*, admonished the prosecutor to refrain from

these statements and should have instructed the jury to disregard them. A trial judge is not required to take an active part in the trial of the cause to assist or to override counsel in the strategies employed in examining witnesses, objecting or failing to object and in generally managing and directing the lawsuit. It is the duty of a trial judge to preside in a strictly impartial manner and to refrain from undue interference and participation in the proceedings. *Brannum v. State*, (1977) [267 Ind. 51,] 366 N.E.2d 1180." 395 N.E.2d at 227.

We do not find that either instance of alleged misconduct on the part of the prosecuting attorney constitutes fundamental error. Therefore, the issue is deemed waived because of defendant's failure to object.

### IX.

■ Defendant's next allegation of error involves a series of instructions tendered by defendant which the court refused to give. In the first instruction of this series, defendant ostensibly sought to impress more thoroughly upon the jurors the requirement that each juror acting as an individual must be satisfied of the defendant's guilt beyond a reasonable doubt before the jury can return a verdict of guilty. This requirement was set out in the court's final instruction number thirteen. Defendant claims his tendered instruction is more thorough because it specifically warns jurors that coercion of other jurors is improper. Defendant cites no authority for the necessity of this sort of warning. We are not persuaded that the instruction as given was in any way inadequate.

Defendant tendered an instruction defining the offense of conversion. He claims that conversion is a lesser included offense of robbery and, therefore, an instruction defining the crime should have been given.

■ Conversion, Ind.Code § 35–43–4–3 (Burns 1979), like theft, Ind.Code § 35–43–4–2 (Burns 1979), is a lesser included offense of robbery, Ind.Code § 35–42–5–1 (Burns 1979). *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770. However, the test

for determining whether it was error for the trial court to refuse instructions on lesser offenses is not only whether the lesser offense is necessarily included within the greater offense, as charged, but also, whether there was evidence adduced at trial to which the included offense instruction was applicable. *Rowley v. State*, (1979) Ind., 394 N.E.2d 928; *Harris v. State*, (1977) 266 Ind. 661, 366 N.E.2d 186; *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351; *Hash v. State, supra.*

■ After reviewing the evidence we find that the only disputed fact is whether defendant was involved in the robbery. There is no question that all of the elements of robbery were present at trial. Therefore, it was not error to refuse defendant's tendered instruction on conversion as a lesser included offense. *Rowley v. State, supra; Feyerchak v. State*, (1978) Ind., 383 N.E.2d 1023.

■ Defendant tendered several instructions setting out the sentences for various classes of felonies and for class A misdemeanors. A jury must be instructed only upon matters of law which are necessary for their information in giving their verdict in each individual case. Ind.Code § 35–1–35–1 (Burns 1979). Since juries may no longer fulfill any function regarding sentencing, the amount of penalty prescribed by the legislature is irrelevant to their deliberations. *Williams v. State, supra; DeBose v. State*, (1979) Ind., 389 N.E.2d 272.

### X.

■ Defendant asserts that the trial court erred in giving the following instruction:

"Possession of recently stolen goods will support an inference of guilt of the taking of the property, when taken in conjunction with other probative evidence of material elements of the alleged crime which are proven to your satisfaction beyond a reasonable doubt."

Defendant claims the instruction should have indicated that there may be occasions

when possession of recently stolen goods will not support the inference of guilt and that the inference is not supportable if the possession of the recently stolen goods is satisfactorily explained. At trial defendant offered an explanation of how the stolen goods came to be in his possession.

Defendant offers no argument in support of his first objection to this instruction. It appears that the instruction should satisfy his point of view. The instruction is not couched in terms of a presumption or a mandatory inference. The jury was not told that possession of stolen goods must support an inference of guilt.

 As for defendant's explanation offered at trial, the trial court's instructions, taken as a whole, adequately place the burden on the state. The court instructed the jury that a defendant is presumed to be innocent and that the jury

"must continue to believe he is innocent step by step through the trial until the State proves by the evidence to be presented that the defendant is guilty beyond a reasonable doubt."

The court also instructed the jury that a defendant is not required to prove or explain anything. The instructions indicate that the state has the burden to show that the possession of stolen property is unexplained.

 Defendant attacks two of the court's instructions as being redundant. A trial court is not justified in emphasizing any particular phase of a case by emphasizing certain propositions of law in its instructions however applicable they may be. *Fehlman v. State,* (1928) 199 Ind. 746, 161 N.E. 8. The instructions in question follow:

"STATE'S TENDERED INSTRUCTION NO. 3 (AS GIVEN)

"A defendant is responsible for the acts of his confederates as well as his own. It is not essential that participation of any one defendant in each element of the crime be established. When confederates are acting in unison, any act of one is attributable to the other."

"STATE'S TENDERED INSTRUCTION NO. 7 (AS GIVEN)

"A person engaged in the commission of an unlawful act is criminally liable for probable and natural consequences, including everything done by confederates, which follows, incidentally in the execution of a common design, and when two or more confederates engaged in the commission of unlawful acts, one is criminally liable for the act of the other in the furtherance as [sic] their common objective."

The state correctly points out that, while these instructions are similar, they are different. Two propositions of law are involved here. The former instruction deals with the proposition that a defendant need not participate in every element of the crime because, for these purposes, the acts of his confederates are attributable to him. The latter instruction informs the jury that a defendant is criminally liable for the natural consequences of his own acts and the acts of his confederates. We do not find the instructions to be redundant.

## XI.

 Defendant's last assignment of error is that he was improperly convicted and sentenced on two counts of robbery for robbing only one entity, the Key Market. Under our recent decision in *Williams v. State,* (1979) Ind., 395 N.E.2d 239, defendant's argument is correct. In *Williams* we held that when an individual robs a bank, and in so doing takes the bank's money from each of four tellers, that individual can be convicted on only one count of armed robbery. The *Williams* case is logically controlling when a robber takes a grocery's money from each of two employees in a holdup.

For the foregoing reasons, defendant's conviction and sentence rendered on Count 1 are affirmed and the conviction and sentence rendered on Count II are vacated.

Judgment affirmed in part and reversed in part.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.