Steven L. **ELLIS**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 49S00–8803–CR–302.

Supreme Court of Indiana.

May 7, 1990.

Rehearing Denied July 11, 1990.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class C felony; Theft, a Class D felony; Possession of a Narcotic Drug, a Class D felony; Battery, a misdemeanor; Resisting Law Enforcement, a misdemeanor; and appellant was found to be a habitual offender. Appellant received sentences totalling forty-eight (48) years.

The facts are: At approximately 7:00 a.m. on September 7, 1986, Indianapolis Police Officer Peter Wynalda received a call to investigate an alarm at a drug store located at 2841 South Shelby Street in Indianapolis. Shortly after the officer's arrival on the scene, he was joined by Thomas Meier, a pharmacist, who was also responding to the alarm. Meier opened the back door of the store and he and Officer Wynalda entered.

Inside they discovered that the pharmacy area had been ransacked. They then discovered that a hole had been broken through the outside wall of the building. Looking through the hole they could see the legs of a person on the other side. Both men ran outside and Officer Wynalda attempted to arrest appellant, who was carrying a reddish-orange plastic mesh produce bag and a jacket.

When appellant refused to stop at the officer's request, the officer attempted physically to stop him. However, appellant struck him repeatedly with the bag whereupon the officer lost his balance and fell to the ground. As the fleeing appellant was approximately forty feet from the officer, the officer fired his revolver striking appellant in the back. The officer then was able to effect an arrest and ascertain that the bag with which he had been struck contained drugs and other articles from the pharmacy.

Further investigation revealed a vehicle illegally parked in the direction in which appellant had been attempting to flee. When the officer approached the vehicle, he noticed there was another reddish-orange mesh bag lying inside the vehicle. Next to the mesh bag was a gym bag which was open, and the officer discerned that it contained tools. Further investigation disclosed that the tools could have been used to make the hole in the side of the building.

Appellant claims the trial court erred in overruling his motion to suppress the evidence obtained from the bag he was carrying at the time he was shot and the one found in his automobile. Appellant takes the position that his arrest was illegal because the officer was not justified in using deadly force to stop him.

He cites Ind.Code § 35–41–3–3(b) which provides that:

"A law enforcement officer is justified in using reasonable force if he reasonably believes that the force is necessary to effect a lawful arrest. However, an officer is justified in using deadly force only if he reasonably believes that that force is necessary:

(1) to prevent serious bodily injury to himself or a third person or the commission of a forcible felony; or

(2) to effect an arrest of a person who has committed or attempted to commit a felony."

Indiana Code § 35–41–3–3(d) reads as follows:

"A law enforcement officer who has an arrested person in his custody is justified in using the same force to prevent the escape of the arrested person from his custody that he would be justified in using if he was arresting that person."

Appellant takes the position that, under the above-quoted statute, the officer's action in firing the shot was not justified. To the contrary, the officer was fully justified in using deadly force. At the time the officer attempted to arrest appellant, he

knew that someone had recently chopped a hole in the wall of the drug store and removed drugs and other items therefrom. As he peered through the hole, he could see the legs of appellant outside. When he went outside and attempted to arrest appellant, appellant resisted him to the point of striking him and knocking him to the ground. The officer obviously had probable cause to believe that appellant was the perpetrator of the burglary.

When an officer attempts to effect an arrest for a felony and the subject resists to the extent of striking the officer and knocking him to the ground, the officer is thoroughly justified in believing that not only he but other persons in the vicinity are at risk of serious bodily injury. When the officer placed his hands on appellant and ordered him to stand still, he was effecting an arrest.

When appellant then struck him and fled, the use of force clearly was justified under paragraph (d) of the statute. Appellant obviously was attempting to escape; thus the officer was attempting to prevent the escape of an arrested person who had committed a felony and battered a police officer. It is preposterous to claim under such circumstances that the officer was not justified in using deadly force.

The arrest by the officer was fully justified under Ind.Code § 35–33–1–1, which reads in part as follows:

"A law enforcement officer may arrest a person when the officer has:

\* \* \* \* \* \*

(2) probable cause to believe the person has committed or attempted to commit, or is committing or attempting to commit, a felony;"

See *Moore v. State* (1967), 248 Ind. 109, 223 N.E.2d 899; *McCoy v. State* (1958), 237 Ind. 654, 148 N.E.2d 190. The arrest in this case was fully justified. The fact that the officer felt compelled to shoot appellant to prevent his escape is collateral to the issue of the lawfulness of the arrest.

Appellant further contends that the search of his automobile was illegal because, although he was running in that direction, he had not yet reached the automobile and at the time the officer searched the automobile, he did not know that appellant was the owner and had no probable cause to believe so. We cannot agree with appellant in this observation.

The automobile was parked illegally with the driver's side window down, and when the officer approached the car, he could see a reddish-orange mesh bag very similar to the one in which appellant was carrying the goods taken from the drug store. Under the bag in the car, he could see an open bag containing tools. This presented ample evidence from which the trial court could determine that the officer had probable cause to believe the automobile contained items involved in the burglary of the drug store, thus giving the officer probable cause to examine the items inside the automobile. *See United States v. Ross* (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572.

We find no reversible error. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., not participating.