## Snyder *v.* State of Indiana.

[No. 25,988.   Filed May 15, 1933.]

*Anderson & Mayfield* and *Bernard C. Craig,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was prosecuted by affidavit for the offense of heavy hauling as defined by §10152 Burns' Ann. St. 1926, ch. 213, Acts 1925, p. 570, §51.

Appellant's motion to quash the affidavit was overruled with exceptions. He then filed a motion to suppress the evidence, which the court overruled. Upon appellant's plea of not guilty the cause was submitted to a jury, which returned a verdict of guilty, upon which the court rendered judgment.

Appellant then filed his motion for a new trial, which was overruled, and he appeals, assigning as error: (1) the overruling of his motion to quash the affidavit; (2) the withdrawing of certain testimony of appellant given at the trial; (3) the court erred in its judgment in the trial on its motion to suppress the evidence; (4) the overruling of his motion for a new trial.

The affidavit charges, in substance, as follows: That Harold Snyder on the first day of June, 1930, at the county and state aforesaid, did then and there unlawfully drive and operate a combined unit of motor vehicle and semi-trailer over and upon a public highway, to-wit: National Avenue in the city of Brazil, Indiana, the gross weight, including the load, of four wheels of which said combined unit, to-wit: Two center wheels and the two rear wheels thereof, was then and there greater than 28,000 pounds, to-wit: 32,060 pounds.

Appellant's motion to quash the affidavit is on the ground that it does not state a public offense for the reason that the statute under which the affidavit was drawn is void for uncertainty, in that the statute employs the technical term "combined unit of motor vehicle" without defining said term and that the statute is so indefinite that one of average intelligence cannot know in advance just what loads on combined unit of motor vehicle are prohibited.

So much of the statute as is here material reads as follows:

"Except as hereinafter otherwise provided, no motor vehicle, truck, trailer or semi-trailer or com-

bined unit of motor vehicle, or truck having four wheels or less, the gross weight of which, including the load, is more than twenty-eight thousand (28,000) pounds; and no motor vehicle or truck having a greater weight than twenty-two thousand four hundred (22,400) pounds on any one axle; . . . shall be used or operated upon any of the public highways or bridges of this state."

The statute is not subject to the defects urged by appellant. Every statute must be construed with reference to the object intended to be accomplished by it. In order to ascertain this object, it is proper to consider the occasion and the necessity of its enactment and the evil which was intended to be prohibited. *Hunt* v. *State* (1924), 195 Ind. 585, 146 N. E. 329, and cases there cited. The intent of the legislature and the evil sought to be prohibited was to prevent the highways and bridges of the state from being subject to excessive loads; and by the above statute they limited the weight on any one axle to twenty-two thousand four hundred (22,400) pounds and the weight on four wheels to twenty-eight thousand pounds. The kind of a motor vehicle, whether it be a truck, trailer, semi-trailer, combined unit of motor vehicle, is immaterial. The gist of the offense lay in subjecting the surface of the highway to a greater weight than twenty-eight thousand (28,000) pounds on four wheels or twenty-two thousand four hundred (22,400) pounds on any one axle. The affidavit charges that the two center wheels and the two rear wheels carried a gross weight in excess of 28,000 pounds, which clearly charges a public offense under the statute. While criminal statutes must be strictly construed to avoid the creation of penalties by construction, but such reasonable view must be taken of a statute as will effectuate the manifest intent and purpose of the lawmakers. *Groff* v. *State* (1909), 171 Ind. 574, 85 N. E. 769, 17 Ann. Cas.

133; *State, ex rel.*, v. *Roby* (1895), 142 Ind. 168, 41 N. E. 145, 33 L. R. A. 213, 51 Am. St. Rep. 174; *State* v. *Kelly* (1896), 54 Ohio St. 166, 43 N. E. 163; Gillett's Criminal Law (2d ed.), §20.

We think there was no error in overruling appellant's motion to quash the affidavit.

Appellant's second assignment of error, viz., that the court erred in striking out and withdrawing from the jury the evidence of the appellant has been waived, as no points or authorities are addressed to it, and therefore no consideration will be given it on appeal. *Schmoe* v. *Cotton* (1906), 167 Ind. 364, 79 N. E. 184; *Black* v. *State* (1908), 171 Ind. 294, 86 N. E. 72.

Appellant's third assignment of error that, "The court erred in its judgment in the trial on the motion to suppress the evidence" presents no question as an independent assignment of error, but must be assigned as a ground for a new trial under §2325 Burns Ann. Stat. 1926, sub-division 1. *Nelson* v. *State* (1928), 200 Ind. 292, 163 N. E. 95.

Appellant attempts to assign the same action of the court as error in his motion for a new trial by his 86th and 87th causes for a new trial, which are as follows:

"86.   Error of law occurring at the trial in this, to-wit: That the finding and judgment of the court on the motion of the defendant to suppress the evidence is contrary to law."

"87.   Error of law occurring at the trial in this, to-wit: That the finding and judgment of the court on defendant's motion to suppress evidence is not sustained by sufficient evidence."

Neither of the above causes for a new trial present any question for consideration on appeal. The record shows that the court overruled appellant's motion to suppress the evidence before the trial and therefore

could not be an error occurring at the trial. *Biddle* v. *State* (1927), 199 Ind. 284, 157 N. E. 280; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674.

Appellant in his motion for a new trial complains of the action of the court in striking out the evidence of the defendant, but he fails to show in his brief the page and line in the transcript the evidence that was stricken out and withdrawn from the jury; therefore, such question is not presented for our consideration. *Nelson* v. *State, supra;* Rule 22, Supreme Court.

Appellant urges error in the giving of the following instruction to the jury before the defendant had rested his case:

"Some evidence has been introduced in this case to the effect that the defendant herein had no knowledge whatever as to the weight of the load he was hauling; that the vehicle was loaded by others and he was not informed and had no knowledge of the weight of the vehicle or the load, thereon, and had no opportunity to find out these facts. The court instructs the jury that you should disregard this evidence in making up your verdict, as it is entirely irregular, incompetent, and immaterial. As objections had been made it is introduced by the state, the court, therefore, sustains the objection and overrules the evidence as improper, and the court now of its own motion withdraws this evidence from your consideration and therefore it will be improper for you to consider the same for any purpose thereon in your consultation in the jury room."

The giving of this instruction was, we think, reversible error.

The penalty for violating the statute with which appellant was charged, as fixed by §10160 Burns' Ann. Stat. 1926, as amended in 1927, Acts 1927, p. 423, is not less than one dollar and not more than five hundred dollars, to which may be added imprisonment for a term

of not to exceed one year. The very fact that by the terms of the statute different punishment may be assessed against persons violating the provisions thereof is evidence that the jury fixing the punishment is to exercise its discretion to determine what punishment should be inflicted. It was not contemplated by the legislature that all persons convicted under this act should receive the same punishment. If the evidence offered by defendant is to be excluded, what is there before the jury upon which to determine the amount of punishment the defendant should receive, keeping in mind that punishment should always be commensurate with the crime, and to accomplish the purpose and object thereof. *Wallace et al.* v. *State* (1932), *ante* 68, 183 N. E. 29. While lack of knowledge on the part of the appellant that the motor vehicle driven by him was overloaded is not a defense to the action, and should not be considered in determining the guilt or innocence of appellant, but such evidence was competent for the jury to consider in fixing the amount of punishment to be inflicted upon appellant in the event they found him guilty of the offense charged. *Hartford* v. *State* (1884), 96 Ind. 461, 49 Am. Rep. 185.

As the jury in the present case did not assess the lowest penalty prescribed by the statute, we cannot say that the withdrawal of appellant's testimony and the instruction above set out was harmless.

Judgment reversed with instructions to the lower court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.