WEIGEL *v.* STATE OF INDIANA.

[No. 1068S166. Filed August 29, 1969. No petition for rehearing filed.]

*Robert R. Garrett,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged with the illegal possession of a narcotic drug. Trial by jury resulted in a verdict of guilty and a sentence of not less than two nor more than ten years.

Appellant's sole assignment of error is the trial court's refusal to grant his motion for new trial. In such motion it is alleged that the court erred in overruling the "Motion to Suppress and Reject" certain evidence obtained pursuant to an "illegal" arrest and subsequent search of appellant's person.

A brief recital of the evidence most favorable to the state is as follows: A friend of appellant, one George Morris, was a prisoner in the Lake County jail. It appears that prior to his incarceration, Morris had been addicted to narcotics and that appellant was largely responsible for introducing Morris to the drugs. This fact had been of great concern to Morris' mother who was pleased to learn that since her son's incarceration, some progress had been made in treating his drug habits.

The day before the appellant's arrest, Morris' mother phoned police officer Cuminus and told him that the appel-

lant planned to visit Morris the next day at the jail and that he intended to slip him some drugs. Officer Cuminus relayed the message to his superior, Sergeant Hilton, who had received a similar call the same day. Word was passed through the proper channels to the jail officials who were instructed to search appellant when and if he arrived at the jail as a visitor.

On November 22, 1967, the day following the phone calls made by Morris' mother, the appellant did arrive at the Lake County jail to visit Morris along with Morris' mother and grandmother. As soon as he had signed the visitor's slip, he was taken by the guards to an office on the second floor and told to remove his clothes. The search resulted in the discovery of a bottle cap, a needle in a plastic case, a syringe and four capsules which were found to contain heroin.

As previously stated, the substance of appellant's motion for new trial is that the verdict was contrary to law in that the trial court erred in overruling his "Motion to Suppress and Reject" the evidence procured as a result of the alleged illegal arrest and subsequent search. We find appellant's argument without merit.

Appellant contends that the issue in this case is whether the police had probable cause to arrest appellant at the time. If it can be shown that there was, in fact, such probable cause to make the arrest, then it would follow that the subsequent search of appellant was 'reasonable', being incident thereto:

> "Constitutional mandates denounce only unreasonable search and seizure and do not preclude such as are incidental to a lawful arrest . . ." *Stearsman, Peak, Carter v. State* (1957), 237 Ind. 149, 162, 143 N. E. 2d 81, 88.

Before cloaking the search in the instant case with legal sanctity however, probable cause to arrest must be

adequately shown and there is no short cut to this determination. As this court stated in *Manson v. State* (1967), 249 Ind. 53, 229 N. E. 2d 801, 803:

"Probable cause justifying an arrest without a warrant exists where facts and circumstances within the arresting officer's knowledge or of which he had reasonably trustworthy information, would lead a reasonably prudent person *under the conditions at the time* to believe a crime had been committed" (our emphasis).

It should be emphasized that the facts and circumstances of each individual case are determinative of probable cause for that case. *Wagner v. State* (1968), 249 Ind. 457, 233 N. E. 2d 236. Since two sets of circumstances will never be identical, the court must consider each case on its own merits using the above formula as a guideline.

In the case before us, considering the evidence most favorable to the state, we find the following: George Morris, a known drug addict, was imprisoned in the Lake County jail; telephone calls were received by the police from Morris' mother in which she said that the appellant, the person who had introduced Morris to the use of drugs, was planning to visit Morris the next day and would be attempting to pass narcotics to him; Morris' mother had informed the police on past occasions as to drug abuses (in this case the relationship of mother and son would tend to assure her credibility as an informant); the narcotics were to be passed to Morris in violation of security regulations. Whether the above, in and of itself constitutes probable cause need not here be determined. No action had yet been taken by the police. This information was further corroborated by the fact that the appellant *did* visit Morris and on the very day the informant had indicated. Given the above, coupled with the officials' duty to prevent the passing of contraband to prisoners, there was probable cause upon which to base the arrest of appellant.

We are well aware and fully appreciative of the necessity of strictly applying the concept of probable cause when determining the legality of an arrest. We also have an appreciation for those rights sought to be protected by our constitutional mandates prohibiting illegal search and seizure. The conflicting interests of society versus those of the individual demand a judicial cognizance, sensitive to the interests of both, yet impartial in its application of such legal principles. In the case at bar, absent the fact that appellant was attempting to smuggle contraband into the prison, admittedly only the bare essentials of probable cause were established. However, the overriding policy considerations of reserving to prison authorities adequate surveillance procedures admittedly enhanced the prospect of finding probable cause.

We have discussed the merits of appellant's argument as it relates to the arrest in spite of the fact that it was not properly reserved to this Court. In *Moore v. State* (1967), 248 Ind. 109, 223 N. E. 2d 899, we held that asserted error in overruling a motion to suppress evidence must be urged under the first cause specified in Ind. Ann. Stat. § 9-1903 (1956 Repl.) rather than the ninth as appellant here attempts to do. The statute reads in pertinent part as follows:

> "The court shall grant a new trial to the defendant for the following causes or any of them: First. Irregularity in the proceedings of the court, or jury, or for any order of the court or abuse of discretion by which the defendant was prevented from having a fair trial . . .
> Ninth. When the verdict of the jury or the finding of the court is contrary to law, or is not sustained by sufficient evidence . . ."

From the statute it seems quite clear that a motion for new trial must be based on at least one of the nine causes. Many of the cases involve a situation where the wrongful suppression of evidence is urged as an independent assign-

ment of error. For example see *Moore v. State,* supra; *Snyder v. State* (1933), 204 Ind. 666, 185 N. E. 507; *Chaffelle v. State* (1925) 196 Ind. 640, 149 N. E. 163. These cases hold that such error must be assigned *under the first cause.*

In addition to case authority specifying that the alleged wrongful suppression of evidence be urged as error under the first cause of the statute, it would seem that he is also precluded from urging such error under the ninth cause 'contrary to law' by this court's definition of that term. As was said in *Hamilton v. State* (1934), 207 Ind. 97, 104, 190 N. E. 870, 873, quoted with approval as recently as 1968 in *Streeval v. State* (1968), 251 Ind. 349, 241 N. E. 2d 255, 259, the specification that the verdict is contrary to law:

". . . means and relates to the law as applied to the facts as shown by the evidence. It means that applying the law to the facts as shown by the evidence there is no basis in law for a verdict of guilty. It is virtually a demurrer to the evidence."

Thus, a contention that the verdict is contrary to law is essentially a contention that, given the evidence in the case, and the applicable rules of law for that particular case, the verdict is other than what it would be if those applicable rules of law had been properly applied.

The *Hamilton* case proceeds to point out sound reasoning for a careful definition of each cause and the necessity of alleging error *under the proper* cause:

"The purpose of setting out specifically the reasons why a new trial should be granted, is to inform the trial court of the various complaints relied upon by the appellant for a new trial and to call the same to the attention of the court for a review, and to afford it an opportunity to correct any error complained of. We must assume that the court below considered appellant's motion for a new trial as it was presented by the record and governed itself by

the rule of law above mentioned. For us not to do so would be a violation of a long settled rule of this state that every reasonable presumption should be indulged in favor of the jurisdiction, rulings, and regularity of the proceedings of the trial court." *Hamilton v. State, supra,* p. 105.

Mindful of the above, it follows that where error is asserted under the wrong cause, the thrust of appellant's argument will be considered in an improper framework and the trial court will be unable to properly weigh the appellant's contention or correct its own errors.

If it would seem that this opinion is contrary to *Wagner v. State, supra,* as it relates to the proper presentation of a question on appeal, in that case the appellee failed to object to the manner in which the question was raised and the court chose to discuss the case solely on its merits. Therefore to the extent that *Wagner* might be interpreted as approving said assignment under cause #9 of § 9-1903, *supra,* it is to such extent disapproved.

For all the foregoing reasons, the judgment should be affirmed.

Judgment affirmed.

Arterburn, Givan, JJ., concur; Jackson, J., concurs in result; DeBruler, C. J., concurred in part; dissented in part with opinion.

### CONCURRING AND DISSENTING OPINION

DeBruler, C. J.—I concur with the majority in its determination that the arresting officers here had reasonable and probable cause to believe that the appellant entered the jail in the possession of narcotics and thus was in process of committing a felony. The officers received the final and necessary corroborating factor, giving them this cause to believe at the moment when the appellant arrived at the jail and sought to visit with the prisoner.

I further agree with the majority that this was a valid search incident to a lawful arrest and the motion to suppress the contraband seized in that search was properly overruled. However, I do not agree that the need of the police to maintain security in the jails and prisons and the need to prohibit the traffic in contraband, should be considered as one of the factors in determining whether there was reasonable and probable cause to believe that appellant was committing a felony, and to arrest him.

The needs of the authorities can only support a policy of searching persons seeking to visit prisoners as a condition to such a visit. However, the visitors have a right to refuse such a search and thus forego their visitation privilege. This case does not involve contraband seized while carrying out such a policy.

I dissent from the majority wherein it holds that the merits of this appeal are not properly before this court for determination. The appellant filed the following motion for a new trial:

"Comes now the defendant and moves the Court for a new trial in the captioned cause for the reason that the Court's finding was contrary to law in the following particular:

(a) The Court erred in overruling and denying the 'Motion to Suppress and Reject' filed herein and thereafter admitting such evidence against the defendant.

### MEMORANDUM

The arrest and subsequent search of the defendant was illegal and the evidence obtained thereby was improperly admitted.

There was no apparent or overt law violation at the time of the arrest and no testimony was adduced which would in any manner provide a reliability test to the information source upon which the arresting officer relied.

Unless the officers had reasonable or probable cause for arresting the defendant, the arrest was illegal and the evidence obtained incidental thereto was not admissible.

*Enlow v. State,* 1955, 234 Indiana 156, 125 N. E. 2nd 250; *Eiler v. State,* 1925, 196 Indiana 596, 149 N. E. 62; *Morgan v. State,* 1926, 197 Indiana 374, 151 N. E. 98; *Boyd v. State,* 189 Indiana 55, 152 N. E. 278; *Edwards v. State,* 198 Indiana 170, 152 N. E. 721."

I can see no legitimate end to be served by the existence of a rule of procedure which requires that the appellant, seeking a review of a ruling on a motion to suppress evidence obtained in violation of the constitutional rights of the appellant, must allege this error in his motion for new trial under the first section of Burns' Ind. Stat. Ann. § 9-1903 and may not raise it under the ninth section of that statute.

In my opinion, *Hamilton v. State* (1934), 207 Ind. 97, 190 N. E. 870 does not justify the rule enunciated by the majority. That case stands for the proposition that the trial judge must be given an opportunity to correct errors as a condition precedent to their being considered by this Court on appeal. In this case, as can be readily seen from appellant's motion for new trial, the trial judge was amply informed of the error being urged by appellant together with his supporting argument. I believe that the appellant in raising this error under the contrary to law allegation has applied the ordinary meaning of the phrase contrary to law, and in my opinion, in the absence of a specific statement in the statute to the contrary, nothing more should be required by a procedural rule or statute.

NOTE.—Reported in 250 N. E. 2d 368.