## BOWLES v. STATE OF INDIANA.

[No. 1269S295. Filed February 25, 1971.]

*Raymond J. Ackerman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Martin C. Basch,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a conviction for possession of narcotics. Appellant was tried without the intervention of a jury and sentenced to from two (2) to ten (10) years in the Indiana State Prison upon his conviction.

A motion for new trial was filed and overruled. Error in that regard is asserted here. In essence appellant asserts that certain evidence, because of the illegality of its seizure, was improperly used against him.

We turn now to the evidence. As repeatedly has been stated, on appeal of a criminal conviction we look to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514.

Such evidence indicates that an Indianapolis police officer received an anonymous telephone call informing him that at an approximate time in an approximate location appellant could be apprehended with narcotics in his possession. So far as is known this is the first such call received from the particular unknown informant.

Acting on the information the police went to the appointed location at the appointed time and there observed appellant.

Appellant, in a normal manner we presume since the record is silent as to information to the contrary, left the scene in an automobile. The officers followed him for a relatively short distance and then, while appellant's car was stopped for a traffic light, pulled alongside with the emergency flasher lights on their vehicle in operation.

One of the officers got out of the police vehicle, approached appellant's car, and told him he was under arrest. He was also told to get out of his car.

Appellant obeyed the command he had been given and asked why he was being arrested. He was told to turn around and place his hands upon the top of his vehicle. As he did this the officers saw appellant "flip" a plastic vial over the top of the car and into the street.

The police officers retrieved the vial after placing appellant in handcuffs and informing him of the charges against him. Chemical analysis later revealed the contents of the vial to be a derivative of heroin, possession of which constitutes a criminal offense. It was possession of the material in the vial that formed the basis of appellant's conviction.

Prior to the trial appellant filed a motion to suppress the vial and its contents as being the product of an illegal search. The trial court granted the motion to suppress the evidence found *on the appellant* upon a search of his person at the time of his arrest. In brief, having all the pertinent facts, including the demeanor of the witnesses, before him the trial judge ruled the search *of appellant* was illegal and that all evidence gained thereby must of right be suppressed.

We presume the trial court had the case of *Mapp* v. *Ohio* (1961), 367 U. S. 643, 6 L. Ed. 2d 1081, in mind when it made its ruling. Under that case evidence seized in violation of federal constitutional safeguards may not be used in criminal prosecutions in state courts.

The factor that made the search illegal was, the trial court indicated, the lack of probable cause for the arrest of appellant. The warrantless arrest being invalid, the search incident thereto was also tainted. In reaching this legal conclusion the trial court mentioned its reliance upon the case of *McCray* v. *Illinois* (1967), 386 U. S. 300, 18 L. Ed. 2d 62, which spells out the circumstances under which a "tip" from an informer will create probable cause for an arrest. As is obvious from its decision, the trial court felt the facts in the instance at hand did not render the "tip" qualified to create probable cause for the arrest.

During the trial the state sought to introduce the vial and its contents into evidence. Over the objection of appellant's counsel the evidence was allowed to be admitted on the theory that appellant had abandoned it by his act of throwing it into the street—i.e. that it was not a product of the admittedly illegal search of his person. That decision of the trial court precipitates this appeal.

We begin our analysis with a finding that the arrest of appellant was indeed improper. *McCray* v. *Illinois, supra; Draper* v. *United States* (1959), 358 U. S. 307, 3 L. Ed. 2d 327; *United States* v. *Stallings* (7th Cir. 1969), 413 F. 2d 200; *United States* v. *Franke* (7th Cir. 1969), 409 F. 2d 958; *Weigel* v. *State* (1969), 252 Ind. 464, 250 N. E. 2d 368. To create probable cause sufficient to support the officers' arrest there had to exist such information that it could be said that

". . . the facts and circumstances within their knowledge, and of which they had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution in . . ." *Carroll* v. *United States* (1924), 267 U. S. 132 at 162, 69 L. Ed. 543 at 555.

believing an offense was being committed by appellant. While probable cause may be supported and indeed created by information supplied by an informer, it must be demonstrated that the probability of accuracy of the "tip" is sufficiently high. That is, the informer must be shown to be reliable. One manner of doing this is by referring to his past record of reliability. Another is by reference to extrinsic facts, including those which he may relate, to test his accuracy. *McCray* v. *Illinois, supra; Draper* v. *United States, supra; United States* v. *Stallings, supra; United States* v. *Franke, supra; Weigel* v. *State, supra.*

In the case at hand, so far as is known, the call in question was the first one ever received from the informer. Obviously past reliability was not an available check point in determining probable cause. As to the information related by the informer and the existence of extrinsic facts against which to check his information, we fare little better. From the record all that is shown is that the officer was told appellant would be in a certain area at a certain time and would be carrying narcotics. Such a "tip" might well have been telephoned in regarding one of the police officers who made the arrest of appellant. An "informer" knowing the officer's work habits could call in and indicate that the officer would be in front of a certain building at an approximate time. Certainly this might be true. But the mere fact that this might be the case, without more, hardly supports an intrusion into the officer's personal security. Naturally, one accosting the officer would not find narcotics upon him. The mere fact that appellant had such material in his possession, even in view of the heinous and despicable activity generated by drug abuse, does not justify intrusion into his affairs without probable cause. That gold may be found does not justify the prospector's trespass. *Wong Son* v. *United States* (1963), 371 U. S. 471, 9 L. Ed. 2d 441.

Clearly, then, the "tip" received under the facts of this case did not, unsupported as it was by either a history of relia-

bility of the source or extrinsic facts either from the informer or other proper sources, create probable cause for the arrest. *McCray* v. *Illinois, supra; Draper* v. *United States, supra; United States* v. *Stallings, supra; United States* v. *Franke, supra; Weigel* v. *State, supra.*

Being thus rendered invalid the arrest could not bottom the search sought to be supported as being incidental thereto.

But, the state would have us hold, appellant's act of throwing the vial into "plain view" enabled it to come to light by means other than the illegal search. While academically interesting this argument is not found persuasive. Unquestionably the plain view doctrine has been recognized in Indiana. *Lindsey* v. *State* (1965), 246 Ind. 431, 204 N. E. 2d 357; *McCoy* v. *State* (1960), 241 Ind. 104, 170 N. E. 2d 43. But of equally viable force is the case of *Wong Son* v. *United States, supra.* That case we regard as expressive of the import of the Fourth Amendment in regard to searches and seizures. In that instance illegal activity by police officials precipitated the receipt of certain information later used against the appellant. The Supreme Court ruled that the "fruit" of the improper invasion of citizen rights could not be used in a criminal prosecution. Two California cases, *Gascon* v. *Superior Court, County of Los Angeles* (1959), 169 Cal. App. 2d 356, 337 P. 2d 201, and *Badillo* v. *Superior Court* (1956), 46 Cal. 2d 269, 294 P. 2d 23, whose facts in regard to the securing of evidence are similar to the case at hand, are also demonstrable of the underlying principle. In both instances the evidence sought to be suppressed was obtained when the one against whom it was later to be used dropped it or threw it away. Since the *threat* of illegal activity led to the relinquishment of possession and the discovery, the evidence was suppressed. It was a "poisoned fruit" of the illegal activity.

Had the appellant here thrown the item away before the search had been threatened the argument of abandonment

might well be persuasive. Here however he threw the vial away only after being told to turn and place his hands atop his vehicle, the position commonly known to be employed by police in searching a suspect for weapons. The vial, as evidenced by the record, was not seen by the officers until it was thrown by appellant. Had it been seen before the threat of an illegal search had been made, even in appellant's hand, the plain view doctrine *may* have applied. But that is not this case. The vial was seen and secured only as a result of the threat of a search, an illegal search. Clearly it was the fruit of illegal activity by the police and ought to have been excluded.

In summary then, the arrest and search were improper. The vial was produced by threat of the illegal search and thus should have been excluded at the trial. Admission of such evidence was clearly prejudicial to appellant.

For the foregoing reasons the judgment of the trial court should be and is reversed.

Judgment reversed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., concurs with opinion in which Prentice, J., concurs.

CONCURRING OPINION

DeBruler, J.—We do not, and are not asked by counsel, to decide whether probable cause alone in the absence of a showing of exigent circumstances is constitutionally sufficient to support a warrantless arrest for a felony. This is required in the case of a warrantless search. *Chimel* v. *Calif.* (1969), 395 U. S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685; *Paxton* v. *State* (1970), 255 Ind. 264, 263 N. E. 2d 636. Neither do we decide whether the standards for probable cause sufficient to support a warrantless arrest are the same standards as required to obtain an arrest warrant from an independent and detached

magistrate under I.C. 1971, 35-1-6-2, being Burns § 9-602 (1970 Supp.).

Prentice, J., concurs.

NOTE.—Reported in 267 N. E. 2d 56.