JOHN BOYD v. STATE OF INDIANA.

[No. 371S63. Filed December 2, 1971.]

*Frank O. McLane,* of Marion, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant, John Boyd, after trial to a jury, was convicted of Attempting to Commit a Crime While Armed With a Deadly Weapon and Assault and Battery with Intent to Kill. Appellant received a determinate sentence of five (5) years and one (1) day on the former conviction, and an indeterminate sentence of not less than two (2) years nor more than fourteen (14) years on the latter, both to run concurrently.

Count One, charging appellant with Attemping to Commit a Crime While Armed, omitting the caption to the affidavit, reads, in part, as follows:

"[Appellant] did then and there unlawfully and feloniously, and knowingly, while being over the age of 16 years, did then and there unlawfully, feloniously, forcibly, by violence, and by putting Isadore Stoller in fear with a firearm, to-wit: a black revolver, the exact nature and description of which is unknown, attempt to take from the person and possession of the said Isadore Stoller, United States currency, of which United States currency the said Isadore Stoller then and there held in his possession and which money was then and there the property of the said Isadore Stoller. . . ."

Count Two, charging appellant with Inflicting Physical Injury While Attempting Robbery, reads, in part:

"[Appellant] did then and there unlawfully and feloniously, forcibly, by violence and putting Isadore Stoller in fear, attempt to take from the possession and person of the said Isadore Stoller lawful United States currency which said United States currency the said Isadore Stoller then and there held in his possession and which said money was then and there the property of the said Isadore Stoller and the said John Boyd while engaged in committing the crime of attempted robbery, as aforesaid, did then and there unlawfully and feloniously inflict a physical injury, to-wit: a wound in and upon the chin and chest of the said Isadore Stoller with a black revolver, the exact nature and description of which is to Affiant unknown, and then and there held in the hand of the said John Boyd. . . ."

The jury found appellant guilty of the crime charged in Count One and guilty of the lesser included offense of Assault and Battery With Intent to Kill on Count Two.

Appellant's Motion to Correct Errors was overruled, and the following allegations of error have been presented to this Court on appeal:

1. The trial court erred in overruling appellant's Motion to Suppress all evidence offered by the State to show that appellant was at a place other than the place stated in appellant's Notice of Alibi.

2. The trial court erred in instructing the jury to return a determinate sentence in the range of five (5) to thirty (30) years for Count One.

3. IC 1971, 35-12-1-1, (Ind. Ann. Stat. § 10-4709 [1970 Supp.]), is unconstitutionally vague and uncertain.

It should be noted that no objection has been made concerning the trial court's determination that Assault and Battery With Intent to Kill is a lesser included offense of Inflicting Physical Injury While Attempting Robbery. Also, appellant has not questioned the correctness of the sentences on *both* Count One and Count Two. These matters, not being before this Court, need not be discussed in this opinion.

On August 7, 1970, some seventeen days before trial, appellant filed Notice of Intent to Present Defense of Alibi. The Certificate of Service certified that a copy of said motion was sent to the Prosecuting Attorney by ordinary United States Mail. Appellant's Notice of Alibi requested the Prosecuting Attorney to file and serve upon appellant's counsel a specific statement as to the exact date, time and place at which the State intended to present into evidence that appellant committed the crime. The Prosecuting Attorney failed to file the requested statement. At trial, appellant made a Motion to Suppress all evidence offered by the State that related to date, time and place of the commission of the crime by the appellant. The Motion to Suppress was initially sustained. After an overnight recess, the Prosecuting Attorney filed an affidavit claiming that appellant's Notice of Alibi had not been received. The trial court then reversed its previous holding and overruled the Motion to Suppress.

IC 1971, 35-5-1-3, (Ind. Ann. Stat. § 9-1633 [1956 Repl.]), which is controlling in this matter, provides, in pertinent part:

> "At the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show

that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time stated in defendant's original notice."

Thus the question presented to this Court on appeal is whether the failure to receive the Notice of Alibi is a sufficient showing of "good cause" to come within the meaning of that term as used in the above statute. We are of the opinion that good cause was shown.

The alibi statute obviously contemplates that, under certain circumstances, the failure to reply is excusable. No better reason for failing to reply could have been advanced than was shown here. If the Notice of Alibi was not received, it only follows that no reply would be made.

The evidence before the trial court concerning this matter consisted solely of the certification that notice had been mailed to the prosecuting attorney and the affidavit stating that notice had not been received. It was counsel for appellant who chose the method of delivery—ordinary mail. When it became evident to counsel for appellant that no reply had been made within the time prescribed by statute, no effort appears to have been made to obtain the desired information. Thus, there is nothing to indicate that the Prosecuting Attorney deliberately refused to furnish the information. The purpose of the exclusionary rule provided by the statute is to deter the State from withholding information from the defendant which is vital to the preparation of its defense. In the absence of any showing that the Notice of Alibi was actually received by the Prosecuting Attorney's office from which it could logically be inferred that the Prosecuting Attorney had refused to furnish the information sought, this Court can perceive of no valid or logical reason which would require the State's evidence to be excluded. Our holding on this matter certainly does not render the statute ineffective. Reasonable alternatives to service by ordinary mail are available. Physical delivery with signed receipt or registered mail could have been used. To hold that service by ordinary mail

accompanied by a signed Certificate of Service is conclusive on the issue of actual delivery would be to fashion a rule which in no way would further the purpose of the alibi statute's provisions. Therefore, the trial court did not err in overruling the Motion to Suppress.

Appellant's second and third assignments of error relate to the statutory construction of IC 1971, 35-12-1-1, (Ind. Ann. Stat. § 10-4709 [1970 Supp.]), which pertains to armed felonies. The statute reads as follows:

"Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for a determinate period of not less than one [1] nor more than fifteen [15] years if the penalty imposed upon the said felony is ten [10] years or less or; shall be imprisoned for a determinate period of not less than five [5] years nor more than thirty [30] years, if the penalty imposed upon the said felony is more than ten [10] years; Provided, however, That in the event the penalty imposed upon the said felony is greater than 30 years, then this act shall not apply. The penalty imposed by this act is to be fixed by the court or jury trying the case, which sentence the court shall not have the power to suspend: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment adjudged for any such additional crimes."

Count One charged appellant with attempting to commit robbery while armed with a deadly weapon. IC 1971, 35-13-4-6, (Ind. Ann. Stat. § 10-4101 [1956 Repl.]), the robbery statute, provides that a person convicted of robbery be sentenced to imprisonment for a term of not less than ten (10) years nor more than twenty-five (25) years. IC 1971, 35-12-1-1, (Ind. Ann. Stat. § 10-4709 [1970 Supp.]), the armed fel-

ony statute, provides that the court or jury shall fix the penalty for an armed felony in the range of not less than five (5) years nor more than thirty (30) years if the penalty imposed upon the said felony is more than ten (10) years. Since it is possible that a person convicted of robbery might serve a term of only ten (10) years, appellant contends that the penalty for robbery is not *more than ten (10) years,* and that the jury should have been instructed to impose a determinate sentence in the range of not less than one (1) year nor more than fifteen (15) years. We do not agree.

In *Snyder* v. *State* (1933), 204 Ind. 666, 669, 185 N. E. 507, 508-509, this Court stated:

> "Every statute must be construed with reference to the object intended to be accomplished by it. . . . While criminal statutes must be strictly construed to avoid the creation of penalties by construction, . . . such reasonable view must be taken of a statute as will effectuate the manifest intent and purpose of the lawmakers."

If we were to adopt the construction advanced by appellant, the provision in the statute for a sentence in the five (5) to thirty (30) year range would have no immediate application as we have no felonies in this State at the present time to which this provision would apply with the exception of second degree murder. Nor would it be reasonable for this Court to assume that the Legislature intended to impose a sentence ranging from one (1) to fifteen (15) years for the crime of armed robbery, and at the same time impose a sentence of ten (10) to twenty-five (25) years for the crime of robbery which is a lesser included offense.

In *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815, we determined that a statute imposing an indeterminate sentence of ten (10) to twenty-five (25) years carried, on its face, a sentence which was five (5) years greater than a statute which imposed a determinate sentence of ten (10) to twenty (20) years. Although the term of imprisonment for the ten (10) to twenty-five (25) year sentence

might only have been ten (10) years, we looked to the *duration* of the sentence imposed to determine the severity of the penalty. The sentence or penalty, that is the time during which the convicted defendant remains under restraint, although not necessarily imprisoned, continues for the entire twenty-five (25) years.

The statute in question refers only to the penalty imposed upon the said felony. Thus, we are clearly concerned only with the duration of the sentence and not with the term of imprisonment that may be served thereunder, this being determined by subsequent events. Thus crimes carrying penalties of, for example, two (2) to twenty-one (21) years or ten (10) to twenty-five (25) years would fall within the five (5) to thirty (30) year provision of the statute.

Having determined that the above statute is susceptible of a reasonable construction, appellant's contention that the statute is unconstitutionally vague is without merit. Therefore, the judgment of the trial court must be affirmed.

Judgment affirmed.

DeBruler, Givan and Prentice, JJ., concur; Arterburn, C. J., dissents with opinion.

## DISSENTING OPINION

ARTERBURN, C. J.—This court has previously approved a rule that in determining which appeals in criminal cases shall go to the Court of Appeals and which remain with the Supreme Court [A.R. 4(A) (7)] if the sentence is for an indeterminate period of ten [10] years to a greater maximum, such sentences will be considered not greater than ten [10] years and therefore the appeal goes to the Court of Appeals. When this rule was adopted, I agreed to such an interpretation of the constitutional provision that such indeterminate sentences are not greater than ten [10] years on the basis of a statute which states, in substance, that good time credit to all persons sentenced for an indeterminate sentence shall be "computed on the minimum term of such sentence only" and

not upon what the maximum may be. Therefore, it follows that for an indeterminate sentence, which is ten [10] years to twenty [20] years or ten [10] to twenty-five [25] years or any greater figure, the convict will nevertheless serve the same time, (six years, eight months) which will be less than ten [10] years, because of good time credit, under the statute. Therefore, the result of this statute, which is part of the law of Indiana, as well as the statute fixing indeterminate terms and penalties for crime means that any indeterminate sentence of ten [10] years is really for a lesser period than ten [10] years, after good time credit is deducted, as provided. The maximum of the indeterminate sentence has no influence or effect whatsoever upon the time served, so long as a prisoner behaves well. We have no right to assume that a prisoner will not behave well. If he misbehaves there is a penalty for that, which we do not have before us, at the time of the appeal. For the reasons stated, I do not agree with the interpretation and conclusion in the majority opinion, that a sentence of ten [10] years to twenty-five [25] years is a sentence of greater than ten [10] years, because of the language of Burns 13-116 and 13-119a. These statutes in plain language provide, (for example) that a prisoner shall have his time reduced to six years, eight months, if the sentence is a determinate one for ten [10] years or an indeterminate one for ten [10] to twenty [20] years or ten [10] to thirty [30] years. The statute is without any conditions other than good behavior.

NOTE.—Reported in 275 N. E. 2d 797.