**Roger HAUN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 582S179.

Supreme Court of Indiana.

Aug. 8, 1983.

Rehearing Denied Oct. 5, 1983.

Franklyn D. Brinkman, Jr., Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Roger Haun, was tried and convicted in a trial by jury of the charge of rape while armed, class A. A twenty year sentence was imposed. On appeal defendant raises numerous issues, which we have consolidated as follows:

 (1) Whether contraband and a mugshot photograph were improperly admitted due to an illegal search and seizure and a lack of relevancy.

 (2) Whether there was an undue restriction of defense cross-examination of a police officer.

 (3) Whether identification procedures were unduly suggestive and violative of due process rights.

 (4) Whether the court properly denied the motion to correct errors wherein it alleges newly discovered evidence.

 (5) Whether the State was properly permitted to introduce evidence in conflict with the notice of alibi.

 (6) Whether the evidence was sufficient to convict.

 (7) Whether all of the foregoing alleged deficiencies as a whole warrant appellate relief.

Defendant was charged with the rape of a Muncie woman, as she returned to her home after driving her husband to work at about 6:00 a.m., on February 9, 1981. As she approached the door a man came out of hiding and forced her to open the door and to admit him. Inside he forced her with a knife to submit to sexual intercourse. Four days later, she identified him in a high school yearbook. Officers then went to defendant's home, entered, observed and smelled marijuana, arrested him on that account, and at the same time seized items relevant to the charge of rape. Later the same day she identified defendant again from a photograph which the police then took.

I.

Defendant first contends that the trial court erred in overruling his motion to suppress and his in-trial objection to the introduction of four bags of marijuana and a mugshot photo of him, as the fruits of an illegal search and seizure. According to the sworn testimony of the investigating policemen, after defendant was identified by photograph by the alleged victim, they went without a warrant to his trailer, and knocked on the door. Defendant answered, opening the door. One officer was in plain clothes, the other in uniform. They identified themselves as police officers. One asked whether Roger Haun was there. De-

fendant responded "I'm Roger." One then asked if they could talk to him and he said, "Sure, come on in." Once inside the officers smelled burning marijuana and saw four bags of marijuana in a box. They then arrested him for possession of a controlled substance.

According to defendant and his wife, the officers busted through the door and knocked defendant aside. Defendant and his wife then demanded they produce a warrant or leave. An argument ensued during which one of the officers told defendant's wife to call her lawyer, and that if she did not shut up he would take her with him.

 When, as here, a search or seizure is made without the authority of a warrant, the State bears the burden of showing that its actions were authorized by one of the exceptions to the warrant requirement. *Ludlow v. State,* (1974) 262 Ind. 266, 314 N.E.2d 750. The justification put forth by the State for the seizure of the items without a warrant is that they were seen during a plain view discovery, that the officers then had probable cause to believe defendant was committing the offense of possession of marijuana, that the arrest for possession was consequently lawful, and that the mugshot photograph was the legitimate fruit of that lawful arrest. Defendant contends that the justification fails since the initial entry of the officers into his home was illegal in that it was for the purpose of making a routine felony arrest for the rape without a warrant in contravention of the Fourth Amendment, *Payton v. New York,* (1980) 455 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639, and the lack of lawful authority to be in the home precludes the plain view justification. The pertinent facts recited above disclose a sharp conflict in the evidence regarding the circumstances of the entry. According to the officers, they identified themselves, asked defendant if they could talk to him, and he then invited them inside to talk there. According to defendant and his wife the officers busted in, knocking appellant aside. The trial court was warranted in resolving this conflict in

favor of the State's witnesses and in concluding thereupon that the officers were in a place where they had a lawful right to be as they saw the contraband material in plain view. The justification proffered by the State does not fail on this basis, and it was therefore not error for the court to admit these items.

 Defendant's counsel objected to the introduction of the marijuana and to the testimony of the officers describing it, on grounds of irrelevancy and great prejudice. Possession of the contraband formed the basis for defendant's initial arrest on February 13, 1981, four days after the alleged rape. None of the items seized at the scene of the arrest were used by the State at trial. The photograph of defendant which was identified by the prosecutrix was taken at the police station, after defendant had also been arrested for the rape. Defendant's possession of marijuana and his arrest for it are not relevant or material in any respect to the issues presented for trial upon the rape charge.

The State argues that the evidence was admissible under the theory of *res gestae.* Under that theory happenings near in time and place which complete the story of the crime are admissible. *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843. The officer's observations of the marijuana and subsequent arrest of defendant for its possession, did not occur near in time and place to the alleged rape and did not serve to complete the story of the rape. It was error to admit this evidence over the objection. The error however, was not so prejudicial as to warrant a reversal. The jury, composed of fair and reasonable men and women, under oath, would not have permitted their knowledge of such a minor offense as possession of marijuana in the home for personal use to weigh appreciably against the defendant in a trial upon a charge so serious as the one presented here.

## II.

 The trial judge refused to permit defense counsel to ask the State's main police officer witness whether he had made

a statement that the prosecutrix was crazy and that he did not think she had been raped by defendant but by one of her boyfriends. The statement was represented as having been made during the pre-trial period at a social occasion. Defendant contends that the purpose of seeking to bring out this statement was impeachment of the witness. The language in the statement is not without obscurity and figurative aspects, however it most probably would be taken as representing a belief or opinion of the speaker that the prosecutrix was mentally ill, immoral, and a liar. There is no inconsistency or contradiction between the witness' in-trial testimony and this prior statement, and therefore such prior statement could not serve as a basis to impeach. *Duncan v. State,* (1975) 166 Ind.App. 302, 335 N.E.2d 827. Defendant also contends that this pre-trial statement, if proven, would impeach the witness by revealing his bias and prejudice. The bias and prejudice which furthers the purpose of the cross-examiner is the type which is directed against the party or position he represents. The bias of one who would make this excluded statement would not be directed against the defendant or his cause. No error has been demonstrated in this ruling.

### III.

On February 13, 1981, four days after the attack, prosecutrix went to the police station where she was handed a 1970 high school yearbook opened to pages 112 and 113, and asked to look both pages over and see if she could see the man that was in her house. There were several pictures on both pages, and the names of each person portrayed were given. She then pointed out a picture of defendant, Roger Haun. Defendant was then arrested and photographed, and this single photograph was presented to prosecutrix later on the same day. She then made a second positive identification of him. At trial prosecutrix was permitted over objection to describe both of these pre-trial identifications and to directly point out defendant in the courtroom as her assailant.

■■ . Evidence of a pre-trial identification by photograph of the defendant by the accused is inadmissible at trial if the procedure utilized was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. *Neil v. Biggers,* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401. Direct eyewitness identification at trial is inadmissible if pre-trial photographic identification procedures which preceded it were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States,* (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

■ This Court condemned a photographic identification procedure in *Sawyer v. State,* (1973) 260 Ind. 597, 298 N.E.2d 440. There the defendant was in custody and under arrest. A State's witness was shown some twenty photographs and told that someone had been arrested for the robbery involved, and that he should pick that person out of the array. We held that the dangers of suggestivity were needlessly increased when the witness received this type of information, as it would place pressure on the witness to identify the one least dissimilar to his recollection. Unlike the situation in *Sawyer* the prosecutrix received no such information, but was simply handed the group and told to see if there was anyone there she recognized. She scanned the pages for five to ten minutes, and identified defendant as her assailant. Her husband had given the police defendant's name, but testified that he had never mentioned defendant's name to his wife; he was not present when she looked at the yearbook. She testified that she had not heard defendant's name before selecting his photo. This was the initial identification of defendant by the victim, and he was not in custody at the time. The procedure employed in utilizing the yearbook was not so suggestive as to give rise to a substantial likelihood of misidentification. Proof of it was therefore admissible.

■ Defendant was arrested later on the same day after the yearbook identification. His picture was taken and it was shown

alone to the prosecutrix. She confirmed her initial identification, saying that the defendant was wearing the same vest in the photo that he had worn on the day of the rape. We would agree with defendant that this most recent photograph should not have been shown to the victim in single fashion. The initial identification of defendant through his ten year old picture in the high school yearbook was not as strong as it might have been, due to the age of the yearbook photograph. It would have been less suggestive and more fairly presented, had the more recent photograph been presented among others. However, under the circumstances, we find that its admission at trial did not serve to deny due process. *Neil v. Biggers, supra.* As in *Neil v. Biggers, supra,* we "turn, then to the central question, whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." The pertinent facts are these. After the attack, prosecutrix looked at many photographs and picked none of them. According to her she had seen her assailant on at least one previous occasion when he came to her house on February 4, 1981 five days before the attack, posing as a police officer representing the welfare department. On February 9th, when the attack occurred, she saw him in good light for fifteen to twenty minutes. Her initial photograph identification was made without significant suggestion. There were differences between defendant's height and weight and the description she gave. The most significant was a thirty pound weight differential. However similarities regarding age and height were also present. At trial the in-court identification testimony is unequivocal. Having weighed these factors, we find no substantial likelihood of misidentification.

### IV.

 Defendant filed his motion to correct errors based in part upon newly discovered evidence, evidence of the use of perjured testimony at trial, and unlawful suppression of evidence. The evidence upon which the claims are based relates to one Leda Jane Atwell. Ms. Atwell testified for the defense. She stated that she was the lover of the prosecutrix's husband and had twice lived with him. She provided little if anything favorable to the cause of the defense. The evidence alleged to be newly discovered was contained in police reports and tended to establish that the prosecutrix may have threatened to kill Atwell and may have falsely accused Atwell of assaulting her and at the same time driving in the same car previously driven by defendant on February 4, 1981 when he posed as a police officer. The alleged assaults and threat and the police investigation into them all took place after defendant's identification and arrest for the rape. It is readily apparent that the animus causing any such false assertions, was directed at the witness Atwell and not at the defendant. The substantive content of the assertions was not material to the issues at trial. The evidence presented at the hearing on the motion to correct errors, under the circumstances here could therefore only have served to diminish the credibility of the prosecutrix in a small way. It could not establish the falsity of material assertions of fact in the trial testimony. It therefore does not satisfy the criterion for newly discovered evidence that it be material and decisive in nature and raise a strong presumption that it would probably change the results of the trial. *Wilhoite v. State,* (1971) 255 Ind. 599, 266 N.E.2d 23. We likewise find that its connection with the material issues at stake in defendant's trial was so remote that its non-production could not have denied defendant due process or substantive rights. The trial court was therefore not in error in denying relief upon this part of the motion to correct errors.

### V.

 Defendant's next argument is that the court erred in denying his motion to suppress evidence by the State for failure of State to respond to his notice of alibi. The trial court found good cause to relieve the State of its apparent default within the diametrically opposed statements under

oath on the question of whether the defendant's notice of alibi was served on the State. The notice was first filed in court. The certificate of service with the notice indicated service by mail on July 22, 1981. Sworn statements made on behalf of the defense were that the notice had been hand delivered to prosecutorial personnel, while on the other side such statements were that no delivery at all had occurred. The trial court also determined that the notice had been filed in an irregular manner, in two separate parts on the same day, rather than as one document. In *Boyd v. State,* (1971) 257 Ind. 443, 275 N.E.2d 797, service was stated to have been by mail, and evidence was presented that it had not been received. This Court held that the trial court's determination of good cause to relieve the State of the exclusionary rule of the alibi statute was not error. While we recognize minor dissimilarities in the cases, we are of the opinion that defendant can fare no better than did the defendant in *Boyd.* The trial court did not err in overruling the motion to suppress.

## VI. & VII.

■ Appellant next contends that the evidence was insufficient to convict, and finally contends that the legal defects and insufficiencies in the proceedings below taken as a whole, warrant relief. Upon a review of the evidence which as discussed above in the other sections of this opinion included the description of the attack by the prosecutrix and her identification of defendant as the perpetrator, we find it to have that probative value from which a reasonable trier of fact could infer defendant's guilt beyond a reasonable doubt. Finally, in light of the resolution of the several issues raised in this appeal against defendant, the predicate for the final contention fails.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.